UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HMP SERVICES HOLDING SUB III, LLC,[1] ) | Case No. 10-13618 |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| HMP SERVICES HOLDING, INC., ) | Case No. 10-13619 |
| ) | |
| Debtor. ) | (Joint Administration Requested) |

## MOTION OF DEBTORS FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES PURSUANT TO FED. R. BANKR. P. 1015(B) AND LOCAL RULE 1015-1

The above captioned debtors and debtors in possession (the "Debtors" or the "Company") hereby move (the "Motion"), by and through their proposed undersigned counsel, for entry of an order authorizing the Debtors to jointly administer their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Motion, the Debtors rely on the Affidavit of John G. Haggerty in Support of First Day Pleadings (the "Haggerty Affidavit"), which is being filed contemporaneously herewith, and respectfully state as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: (i) HMP Services Holding Sub III, LLC f/k/a Charrette LLC (3196) and (ii) HMP Services Holding, Inc. f/k/a Harold M. Pitman Company (0980). HMP Services Holding Sub III, LLC is a Delaware limited liability company.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are § 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015, and Local Rule 1015-1.

### Background

4. On November 8, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are continuing in possession of their property as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and no official committees have been appointed or designated.[2]

5. Until recently, the Company was North America's leading value-added supplier to the graphic communication industry, providing a full range of digital imaging solutions, support services and a comprehensive portfolio of prepress and pressroom consumable products. For the reasons as more fully set forth in the Haggerty Affidavit, including, but not limited to, the downturn in macro-economic activity and the accelerating shift away from printed paper, the Company entered into an agreement to sell substantially all of its assets to Agfa Corporation (the "Sale"). Certain assets were excluded from the Sale (the "Excluded Assets") and the Company is now in the process of an orderly liquidation of the Excluded Assets and any other available assets for the benefit of its creditors and stakeholders.

---

[2] A description of the Debtors' business, the reasons for filing the Chapter 11 Cases and the relief sought from this Court to allow for transition into chapter 11 are set forth in the Haggerty Affidavit, which was filed contemporaneously with this Motion.

**Relief Requested**

6. By this Motion, the Debtors request entry of an order, substantially in the form attached hereto, directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1.

**Basis for Relief Requested**

7. Bankruptcy Rule 1015 allows this Court to order joint administration "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b). Moreover, Local Rule 1015-1 also allows the Court to enter an order of joint administration where it is "warranted and will ease the administrative burden for the Court and the parties." Local Rule 1015-1. The Debtors are "affiliates" as that term is defined under 11 U.S.C. § 101(2). Accordingly, this Court is authorized to grant the relief requested herein.

8. Joint administration will eliminate the need to draft, replicate, file, and serve duplicative notices, applications, and orders and will, therefore, save the Debtors and their estates considerable time and expense. Joint administration will additionally allow the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk" or the "Clerk's Office") to use a single docket for both of the Chapter 11 Cases and enable the Clerk to combine notices to creditors and parties in interest in the Debtors' respective Chapter 11 Cases, relieve the Clerk from entering duplicative orders, and relieve the Clerk from maintaining duplicative files and dockets.

9. Joint administration will also benefit the United States Trustee for the District of Delaware and other parties in interest by sparing them the time and expense associated with reviewing duplicative pleadings and papers and enabling them to stay apprised of all the various matters before the Court.

10. Numerous motions, applications, and other pleadings are expected to be filed in the Chapter 11 Cases that will affect each of the Debtors. Joint administration will allow counsel to the various parties in interest to use a single caption for the many pleadings that will be filed and served in the Chapter 11 Cases.

11. Joint administration will not adversely affect the rights of any of the Debtors' creditors because this Motion seeks the consolidation of the Debtors' estates for procedural purposes only. This Motion does not seek substantive consolidation. Accordingly, each creditor may still file its claim against a particular Debtor's estate.

12. Finally, the entry of an order granting joint administration has been granted in numerous cases in this District and is generally non-controversial. See, e.g., In re Pliant Corp., et al., Case No. 09-10443 (MFW) (Bankr D. Del. Feb. 12, 2009); In re Washington Mutual, Inc. et al., Case No. 08-12229 (MFW) (Bankr D. Del. Oct. 3, 2008); In re SemCrude, L.P., et al., Case No. 08-11525 (BLS) (Bankr. D. Del. July 23, 2008); In re Vertis Holdings, Inc., et al., Case No. 08-11460 (CSS) (Bankr. D. Del. July 16, 2008); In re Landsource Communities Dev. LLC, et al., Case No. 08-11111 (KJC) (Bankr. D. Del. June 10, 2008).

13. Accordingly, the Debtors respectfully request that the caption of the Chapter 11 Cases be modified as follows:

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HMP SERVICES HOLDING SUB III, LLC, et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-13618<br><br>Jointly Administered |

14. The Debtors also seek the Court's directive that a separate docket entry be made on the docket of each of the Debtors' Chapter 11 Cases, substantially similar to the following:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of HMP Services Holding Sub III, LLC and HMP Services Holding, Inc. The docket in the chapter 11 case of HMP Services Holding Sub III, LLC Case No. 10-13618 (____) should be consulted for all matters affecting this case.

15. For the foregoing reasons, the Debtors submit that the relief requested herein is necessary, appropriate, and in the best interest of the Debtors, their creditors, and their estates and that the Motion should therefore be granted.

### Notice

16. Notice of this Motion has been given to: (i) the Office of the United States Trustee; (ii) those creditors listed on the Debtors' Consolidated List of Creditors Holding the 20 Largest Unsecured Claims; (iii) the Office of the United States Attorney for the District of Delaware; (iv) the Internal Revenue Service; and (v) counsel to ORIX Finance Corp., the Debtors' senior secured lender.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: (i) HMP Services Holding Sub III, LLC f/k/a Charrette LLC (3196) and (ii) HMP Services Holding, Inc. f/k/a Harold M. Pitman Company (0980). HMP Services Holding Sub III, LLC is a Delaware limited liability company.

**No Prior Request**

17. No previous request for the relief sought in this Motion has been made before this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, granting the relief requested herein and any other and further relief that the Court deems just and proper.

Dated: November 8, 2010

BROWN RUDNICK LLP
William R. Baldiga, Esq.
Lisa M. Kresge, Esq.
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201

and

SAUL EWING LLP

*/s/ MaryJo Bellew*

Mark Minuti (DE Bar No. 2659)
Lucian B. Murley (DE Bar No. 4892)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840\
Facsimile: (302) 421-5873

and

MaryJo Bellew (DE Bar No. 4519)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7144
Facsimile: (215) 972-2292

*Proposed Co-Counsel to the Debtors and the Debtors-in-Possession*