# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| HMP SERVICES HOLDING SUB III, LLC, et al.[1] | ) |
| | ) Case No. 10-~~———~~13618 (BLS) |
| ~~Debtor.~~ | ) |
| Debtors. | ) Jointly Administered |

| | |
|---|---|
| ~~In re:~~ | ) ~~Chapter 11~~ |
| | ) |
| ~~HMP SERVICES HOLDING, INC.,~~ | ) ~~Case No. 10-———~~ |
| | ) |
| ~~Debtor.~~ | ) ~~(Joint Administration Requested)~~ |
| | ) |

## DEBTORS' FIRST MODIFIED JOINT PLAN OF LIQUIDATION
## UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Dated: ~~November 8, 2010~~January 18, 2011

**BROWN RUDNICK LLP**
~~Proposed~~ Co-Counsel to the Debtors and the
Debtors-in-Possession
William R. Baldiga, Esq.
Lisa M. Kresge, Esq.
One Financial Center
Boston, MA 02111
~~Tel~~Telephone: (617) 856-8200
~~Fax~~Facsimile: (617) 856-8201

**SAUL EWING LLP**
~~Proposed~~ Co-Counsel to the Debtors and the
Debtors-in-Possession
Mark Minuti, Esq. (DE Bar No. 2659)
Lucian B. Murley, Esq. (DE Bar No. 4892)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873

~~-and-~~

~~MaryJo Bellew, Esq. (DE Bar No. 4519)~~
~~Centre Square West~~
~~1500 Market Street, 38th Floor~~
~~Philadelphia, PA 19102~~
~~Telephone: (215) 972-7144~~
~~Facsimile: (215) 972-2292~~

---

[1]     The Debtors and the last four digits of their respective taxpayer identification numbers are: (i) HMP Services Holding Sub III, LLC f/k/a Charrette LLC (3196) and (ii) HMP Services Holding, Inc. f/k/a Harold M. Pitman Company (0980).  HMP Services Holding Sub III, LLC is a Delaware limited liability company.

# TABLE OF CONTENTS

**Article I. Definitions and Interpretation** ........................................................................... 1
1.1     Definitions ....................................................................................................... 1
1.2     Interpretation ................................................................................................... 1
1.3     Application of Definitions and Rules of Construction Contained in the
        Bankruptcy Code ............................................................................................ 1
1.4     Other Terms .................................................................................................... 1

**Article II. Chapter 11 Liquidation of the Debtors** ............................................................ 1
2.1     Premise of Plan ............................................................................................... 1
2.2     Funding of Plan ............................................................................................... 1

**Article III. Time for Filing Claims** .................................................................................... 2
3.1     Claims Bar Date .............................................................................................. 2
3.2     The Bar Date Order ......................................................................................... 2

**Article IV. Unclassified Claims** ......................................................................................... 2
4.1     Unclassified Claims ......................................................................................... 2
4.2     Administrative Claims ..................................................................................... 2
4.3     Priority Claims ................................................................................................ 3̶4̶

**Article V. Classification of Claims and Interests** ............................................................. 3̶4̶
5.1     Classified Claims ............................................................................................ 4
5.2     Elimination of Classes ..................................................................................... 4
5.3     Impairment Controversies ............................................................................... 4

**Article VI. Treatment of Classes Not Impaired by the Plan** ........................................... 4
6.1     Unimpaired Claims .......................................................................................... 4

**Article VII. Treatment of Classes Impaired by the Plan** ................................................ 4̶5̶
7.1     The Lender Claim ............................................................................................ 4̶5̶
7.2     Class 1 (Lender Secured Claim) ...................................................................... 5
7.3     Class 2 (Lender Deficiency Claim) .................................................................. 5
7.4     Class 3 (General Unsecured Claims) ............................................................... 6

**Article VIII. Acceptance or Rejection of the Plan** ........................................................... 6
8.1     Classes Entitled to Vote .................................................................................. 6
8.2     Nonconsensual Confirmation ........................................................................... 6

**Article IX. Executory Contracts** ........................................................................................ 6
9.1     Rejection and Assumption of Contracts ........................................................... 6

**Article X. Means for Execution and Implementation of the Plan —
the Litigation Trust** ............................................................................................................... 7
10.1    L̶i̶q̶u̶i̶d̶a̶t̶i̶n̶g̶Litigation Trust ........................................................................ 7

| | | |
|---|---|---|
| 10.2 | Transfers to the ~~Liquidating~~Litigation Trust | 7 |
| 10.3 | ~~Preferences~~Third Party Claims, Avoidance Claims, Commercial Tort Claims and Other Recoveries | 7 |
| 10.4 | Liquidation of Assets | ~~7~~8 |
| 10.5 | Authority of the Litigation Trustee | 8 |
| 10.6 | Compensation of Litigation Trustee | 8 |
| 10.7 | Authorization, Empowerment, Rights and Duties of Litigation Trustee | 8 |
| 10.8 | Participation by the Litigation Trustee | 10 |
| 10.9 | Investments of Cash Pending Distributions | 10 |
| 10.10 | Limitation of Liability of the Litigation Trustee | 10 |
| 10.11 | Certain Records | 11 |
| 10.12 | Termination of the Litigation Trust and Litigation Trustee | 11 |

**Article XI.** ~~Liquidating Trustee~~ **Execution and Implementation of the Plan – the Plan Trust** ........ ~~7~~**Means for** ........ **12**

| | | |
|---|---|---|
| 11.1 | Plan Trust | 12 |
| 11.2 | Transfers to the Plan Trust | 12 |
| 11.3 | Liquidation of Assets | 12 |
| 11.4 | Authority of the ~~Liquidating~~Plan Trustee | ~~8~~12 |
| ~~11.2~~11.5 | Compensation of ~~Liquidating~~Plan Trustee | ~~8~~12 |
| ~~11.3~~11.6 | Authorization, Empowerment, Rights and Duties of ~~Liquidating~~Plan Trustee | ~~8~~13 |
| ~~11.4~~11.7 | Participation by the ~~Liquidating~~Plan Trustee | ~~9~~13 |
| ~~11.5~~11.8 | Investments of Cash Pending Distributions | ~~9~~14 |
| ~~11.6~~11.9 | Limitation of Liability of the ~~Liquidating~~Plan Trustee | ~~10~~14 |
| ~~11.7~~11.10 | Certain Records | ~~10~~14 |
| ~~11.8~~11.11 | Termination of the ~~Liquidating~~Plan Trust and ~~Liquidating~~Plan Trustee | ~~11~~15 |

**Article XII. Distributions** ........ ~~11~~15

| | | |
|---|---|---|
| 12.1 | Distributions to ~~Liquidating~~Litigation Trustee and Plan Trustee | ~~11~~15 |
| 12.2 | Distributions | ~~11~~15 |
| 12.3 | Rounding of Payments | ~~12~~17 |
| 12.4 | Compliance with Tax Requirements | ~~12~~17 |
| 12.5 | Undeliverable Distributions, Voided Checks and Distribution of Unclaimed Property | ~~12~~17 |
| 12.6 | Setoff | ~~13~~18 |

**Article XIII. Procedures for Resolving Objections to Claims** ........ ~~13~~18

| | | |
|---|---|---|
| 13.1 | Objections to Claims | ~~13~~18 |
| 13.2 | Treatment of Disputed Claims | ~~14~~19 |
| 13.3 | Administrative Claims | ~~14~~19 |
| 13.4 | Professional Fee Claims | ~~14~~19 |
| 13.5 | Subordinated Claims | ~~14~~20 |

**Article XIV.  Effects of Plan Confirmation** ...... ~~14~~20

| | | |
|---|---|---|
| 14.1 | Binding Effect of Confirmation | ~~15~~20 |
| 14.2 | Good Faith | ~~15~~20 |
| 14.3 | Injunction | ~~15~~20 |
| 14.4 | Exculpation and Limitation of Liabilities | ~~15~~20 |
| 14.5 | Release of Lender by Debtors, Litigation Trustee and ~~Liquidating~~Plan Trustee | ~~16~~21 |

**Article XV.  Conditions to Effectiveness** ...... ~~16~~21

| | | |
|---|---|---|
| 15.1 | Conditions Precedent to Plan ~~Consummation~~ ~~16~~Effectiveness | 21 |
| 15.2 | Waiver of Conditions | ~~16~~21 |

**Article XVI.  Retention of Jurisdiction** ...... ~~16~~22

| | | |
|---|---|---|
| 16.1 | Retention of Jurisdiction | ~~16~~22 |

**Article XVII.  Modification or Withdrawal of Plan** ...... ~~18~~23

| | | |
|---|---|---|
| 17.1 | Modification of Plan | ~~18~~23 |
| 17.2 | Withdrawal of Plan | ~~18~~24 |

**Article XVIII.  Miscellaneous** ...... ~~18~~24

| | | |
|---|---|---|
| 18.1 | Saturday, Sunday or Legal Holiday | ~~18~~24 |
| 18.2 | Resignation of Officers and Directors and Dissolution of Debtors | ~~19~~24 |
| 18.3 | Headings | ~~19~~24 |
| 18.4 | Notices | ~~19~~24 |
| 18.5 | Governing Law | ~~20~~26 |
| 18.6 | Successors and Assigns | ~~20~~26 |
| 18.7 | Severability of Plan Provisions | ~~20~~26 |
| 18.8 | No Waiver | ~~21~~26 |
| 18.9 | Payment of Post-Petition Interest and Attorneys' Fees | ~~21~~26 |
| 18.10 | Committee | ~~21~~26 |
| 18.11 | Post-Effective Date Fees and Expenses | ~~21~~27 |
| 18.12 | Final Decree and Case Closure | ~~21~~27 |
| 18.13 | Exemption from Certain Transfer Taxes | ~~22~~28 |
| 18.14 | Inconsistencies | ~~22~~28 |
| 18.15 | Post-Effective Date Effect of Evidences of Claims or Interests | ~~22~~28 |
| 18.16 | Other Documents and Actions | ~~22~~28 |

**Exhibit A  Glossary of Defined Terms**
**Exhibit B  ~~Liquidating~~Litigation Trust Agreement**

**Exhibit C  Plan** Trust Agreement

# TABLE OF EXHIBITS

| Exhibit | Name |
|---------|------|
| A | Glossary of Defined Terms |
| B | ~~Liquidating~~Litigation Trust Agreement |
| C | Plan Trust Agreement |

HMP Services Holding Sub III, LLC and HMP Services Holding, Inc., debtors and debtors-in-possession in the above-captioned chapter 11 case under title 11 of the United States Code (the "Bankruptcy Code"), hereby propose this modified plan of liquidation pursuant to chapter 11 of the Bankruptcy Code (together with the exhibits hereto, the "Plan").

## Article I. Definitions and Interpretation

### 1.1. Definitions.

The capitalized terms used herein shall have the respective meanings set forth in the Glossary of Defined Terms attached hereto as **Exhibit A** or as otherwise defined herein.

### 1.2. Interpretation.

Unless otherwise specified, all paragraph, section, article and exhibit references in the Plan are to the respected paragraph in, section in, article of or exhibit to, the Plan, as the same may be amended, supplemented, waived or modified from time to time in accordance with the terms hereof. Words denoting the singular number shall include the plural number and vice versa, as appropriate, and words denoting one gender shall include the other gender.

### 1.3. Application of Definitions and Rules of Construction Contained in the Bankruptcy Code.

Words and terms defined in Bankruptcy Code Section 101 shall have the same meanings when used in the Plan unless a different definition is given in the Glossary of Defined Terms. The rules of construction contained in Bankruptcy Code Section 102 shall apply to the construction of the Plan.

### 1.4. Other Terms.

The words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan as a whole and not to any particular paragraph, proviso, section, subsection or clause contained in the Plan.

## Article II. Chapter 11 Liquidation of the Debtors

### 2.1. Premise of Plan.

The purpose of the Plan is to affect a consensual, orderly wind-down of the Debtors' business and the liquidation of their assets. As this is a liquidating Plan, there will be no reorganization of the Debtors.

### 2.2 Funding of Plan.

The Plan will be funded from the Debtors' Cash on hand as of the Effective Date and proceeds from the liquidation of the Debtors' other assets as provided more specifically herein.

## Article III. Time for Filing Claims

**3.1. <u>Claims Bar Date</u>.**

The holder of a Claim, other than (i) the Lender Claim; (ii) an Administrative Claim; (iii) a Professional Fee Claim; (iv) a liability incurred and payable in the ordinary course of business by the Debtors (and not past due); (v) an Administrative Claim that has been Allowed on or before the Effective Date; (vi) a Rejection Damages Claim; and (vii) a Governmental Claim, shall file a proof of claim as more specifically provided by the Bar Date Order by ~~January [   ],~~ February 11, 2011 at 5:00 p.m. (prevailing Eastern time) (the "<u>Claims Bar Date</u>").

**3.2. <u>The Bar Date Order</u>.**

Notwithstanding anything to the contrary in this Plan or in this Article III, the filing of proofs of claim, including, but not limited to, timing and manner, shall be governed by the Bar Date Order as entered by the Bankruptcy Court on December 16, 2010; provided, however, and for the avoidance of doubt and notwithstanding anything to the contrary in the Plan or the Bar Date Order, the Lender is exempted from the proof of claim filing requirement in regards to the Lender Claim.

## Article IV. Unclassified Claims

**4.1. <u>Unclassified Claims</u>.**

As provided by Bankruptcy Code Section 1123(a)(1), Administrative Claims and Priority Claims shall not be classified under the Plan. Such Claims are not designated as classes of Claims for the purposes of this Plan or for the purposes of Bankruptcy Code Sections 1123, 1124, 1125, 1126 or 1129.

**4.2. <u>Administrative Claims</u>.**

All Administrative Claims shall be treated as follows:

(a)     <u>Time for Filing Administrative Claims</u>.

The holder of an Administrative Claim, other than (i) a Professional Fee Claim, (ii) a liability incurred and payable in the ordinary course of business by the Debtors (and not past due) or (iii) an Administrative Claim that has been Allowed on or before the Effective Date, must file with the Bankruptcy Court and serve on the Debtors, any Committee ~~and~~, the Office of the United States Trustee and the Litigation Trustee, notice of such Administrative Claim within forty (40) days after service of the Notice of Confirmation (the "<u>Administrative Bar Date</u>"). Such notice must include at a minimum (A) the name of the Debtor which is purportedly liable for the Claim, (B) the name of the holder of the Claim, (C) the amount of the Claim and (D) the basis of the Claim. **Failure to file and serve such notice timely and properly shall result in the Administrative Claim being forever barred and discharged.** Objections to any filed request for payment of an alleged Administrative Claim must be filed and served on the claimant

and the Debtors within thirty (30) days of the filing of the Administrative Claim, whereupon the Bankruptcy Court shall schedule a hearing thereon.

(b)     Time for Filing Professional Fee Claims.

Each Professional Person who holds or asserts a claim for services rendered to the Estate before the Effective Date (a "Professional Fee Claim") must file with the Bankruptcy Court and serve on the Debtors, Litigation Trustee and the Office of the United States Trustee a Professional Fee Application within ~~thirty (30~~forty-five (45) days after service of the Notice of Confirmation (the "Professional Fee Claim Bar Date"). **The failure to timely file and serve such Professional Fee Application shall result in the Professional Fee Claim being forever barred and discharged.** Objections to any Professional Fee Claim must be filed and served on the claimant, the Debtors, the Litigation Trustee and the Office of the United States Trustee within fifteen (15) days of the filing of the Professional Fee Claim, whereupon the Bankruptcy Court shall schedule a hearing thereon.

(c)     Allowance of Administrative Claims and Professional Fee Claims.

An Administrative Claim with respect to which notice has been properly filed and served pursuant to Paragraph 4.2(a) shall become an Allowed Administrative Claim if no objection is filed in accordance with Paragraph 4.2(a) or such later date as may be approved by the Bankruptcy Court on motion of a party in interest, without notice or a hearing. If an objection is filed within the thirty (30) day period as described in Paragraph 4.2(a) (or any extension thereof), the Administrative Claim shall become an Allowed Administrative Claim only to the extent allowed by Final Order. A Professional Fee Claim in respect of which a Professional Fee Application has been properly filed and served pursuant to Paragraph 4.2(b) shall become an Allowed Administrative Claim when, as and if approved by the Bankruptcy Court.

(d)     Payment of Allowed Administrative Claims.

Each Allowed Administrative Claim shall, at the sole option of the Debtors or the Litigation Trustee, as the case may be, receive (i) on the Plan Distribution Date, the amount of such Allowed Claim in Cash, (ii) with respect to Allowed Administrative Claims representing liabilities incurred in the ordinary course of business by the Debtors, payment when and as such Administrative Claims become due and owing by their ordinary course terms or (iii) such other treatment as may be agreed upon in writing by the Debtors or the ~~Liquidating~~Litigation Trustee, as the case may be, and the holder of such Claim; provided, however, that such treatment shall not provide to the holder of such Claim a return having a present value as of the Effective Date in excess of such Allowed Administrative Claim. If a portion of an Administrative Claim is disputed, the undisputed portion of such Administrative Claim shall be timely paid as provided above.

(e)     Administrative Claims Estimate.

Prior to the Confirmation Hearing, the Debtors shall provide the Committee with a schedule containing a good faith estimate of the number and amount of all Administrative Claims.

### 4.3. Priority Claims.

Each Person holding an Allowed Priority Claim shall be paid in Cash in full (subject to any applicable cap under Bankruptcy Code Section 507(a)) on the Plan Distribution Date.

## Article V. Classification of Claims and Interests

### 5.1. Classified Claims.

Claims that are required to be classified under Bankruptcy Code Section 1123(a)(1) and Interests are hereby divided into the following classes for all purposes, including voting, confirmation and distribution pursuant hereto and pursuant to Bankruptcy Code Sections 1122 and 1123(a)(1):

| Class | Designation | Impairment | Whether Entitled to Vote |
|---|---|---|---|
| Class 1 | Lender Secured Claim | Impaired | Yes |
| Class 2 | Lender Deficiency Claim | Impaired | Yes |
| Class 3 | General Unsecured Claims | Impaired | Yes |
| Class 4 | Interests and Subordinated Equity Claims | Unimpaired | No (Deemed to Accept) |

### 5.2. Elimination of Classes.

Any Class of Claims that does not consist, as of the date of the Confirmation Hearing, of at least one Allowed Claim, Disputed Claim or a Claim temporarily Allowed under Bankruptcy Rule 3018 shall be deemed deleted from this Plan for all purposes.

### 5.3. Impairment Controversies.

If a controversy arises as to whether any Claim or any Class of Claims is impaired under the Plan, the Bankruptcy Court shall, after notice and a hearing, determine such controversy.

## Article VI. Treatment of Classes Not Impaired by the Plan

### 6.1. Unimpaired Claims.

Class 4 Claims and Interests are unimpaired by this Plan. Each holder of an Interest or Allowed Subordinated Equity Claim is not entitled to vote to accept or reject this Plan. Each holder of an Interest or Allowed Subordinated Equity Claim shall be entitled to receive any distribution of Residual Cash on a Pro Rata basis on the next available Plan Distribution Date, in

accordance with Paragraph 13.5 herein. For the avoidance of doubt, distributions pursuant to this Paragraph 6.1 shall only be made after all costs and expenses of the Estate, the Litigation Trust, the Plan Trust and all Claims in Classes 1, 2 and 3 have been paid in full in accordance with the terms of the Plan, including Paragraph 18.9 herein.

## Article VII. Treatment of Classes Impaired by the Plan

### 7.1. The Lender Claim

Pursuant to Bankruptcy Rule 9019, the Plan incorporates a proposed compromise and settlement of all issues or controversies relating to the Lender Claim, including as to the amount of the Lender Claim, the validity, priority and perfection of the Lender's lien on and security interest in certain of the Debtors' assets, the classification of the Lender Claim and the method of satisfying the Lender Secured Claim and the Lender Deficiency Claim. As of the Effective Date, the Lender Claim shall be deemed Allowed in the amount of $4,328,953.43 3,828,953.43. For the avoidance of doubt, upon the Effective Date, the Lender shall be entitled only to distributions as specified under the Plan in full and final satisfaction of the Lender Claim and waives any and all other Claims against the Debtors and any subsidiary or affiliate thereto, including, but not limited to, any and all additional amounts that may be due and owing under the Credit Agreement and any ancillary documents thereto.

### 7.2. Class 1 (Lender Secured Claim).

In full and final satisfaction of the Lender Secured Claim, Lender shall be entitled to receive Cash proceeds, provided that all distributions are to be made in accordance with Paragraph 12.2 herein, from the following, to the extent not otherwise previously distributed to the Lender, within five (5) Business Days of the Liquidating Plan Trustee's receipt, unless distributed earlier during the pendency of the Case pursuant to an order of the Bankruptcy Court:

(i) eighty percent (80%) of the Tax Refund;

(ii) the first $750,000 of the APA Holdback Amount to the extent such funds are released to the Debtors pursuant to the terms of the APA and Escrow Agreement;

(iii) twenty percent (20%) of any portion of the APA Holdback Amount in excess of the first $750,000 that may be received to the extent such funds are released to the Debtors pursuant to the terms of the APA and Escrow Agreement;

(iv) fifty percent (50%) of the first $1.2 million of the Health Insurance Overage Amount to the extent such funds become available; and

(v) one hundred percent (100%) of any portion of the Health Insurance Overage Amount in excess of $1.2 million to the extent such funds become available; and,

~~(vi)~~ ~~eighty percent (80%) of any other Cash proceeds received from the liquidation of Collateral and not otherwise specified in Paragraphs 7.2 or 7.3 herein (the "Miscellaneous Collateral Proceeds").~~

~~Notwithstanding anything to the contrary herein, the first $100,000 from the Cash proceeds described in Paragraphs 7.2 and 7.3 shall be retained by the Estate for the benefit of holders of Class 3 Claims. For purposes of proviso (vi) of Paragraph 7.2, unless agreed to by and between Lender and the Debtor or Liquidating Trustee, as the case may be, the Bankruptcy Court shall determine whether such proceeds constitute proceeds from the liquidation of Collateral.~~

For the avoidance of doubt, any and all distributions to Lender on account of its Class 1 and 2 Claims described in Paragraphs 7.2 and 7.3 shall not exceed $3,828,953.43 in the aggregate.

### 7.3. **Class 2 (Lender Deficiency Claim).**

As of the Effective Date, the Lender Deficiency Claim shall be deemed Allowed in an amount equal to the amount of the Lender Claim, less proceeds received pursuant to Paragraph 7.2. In full and final satisfaction of the Lender Deficiency Claim, Lender shall be entitled to receive Cash proceeds, provided that all distributions are to be made in accordance with Paragraph 12.2 herein, from the following:

(i)     Cash in the amount of $450,000 (the "Lender Reserve Amount") on the Effective Date from the Disputed Cash Collateral Account; and

(ii)    twenty percent (20%) of Cash proceeds, if any, from or as a result of ~~any proceeding, settlement, award, release or negotiation relative to any actual or potential cause of action in connection with a Commercial Tort Claim or Avoidance Claim against any Person, or~~(a) any insurance policies insuring against business losses or crimes, (b) any and all wine actually recovered from Mr. John Eichner in connection with the Information and Plea and (c) the forfeiture of $143,458 by Mr. John Eichner pursuant to the Information and Plea, within ten (10) Business Days of the ~~Liquidating~~Litigation Trustee's receipt of such proceeds; and.

~~(iii)    twenty percent (20%) of any other Cash proceeds received from the liquidation of Non-Collateral and not otherwise specified in Paragraphs 7.2 or 7.3 herein (the "Miscellaneous Non-Collateral Proceeds"), within ten (10) Business Days of the Liquidating Trustee's receipt of such proceeds.~~

~~For purposes of proviso (iii) of this Paragraph 7.3, unless agreed to by and between Lender and the Debtor or Liquidating Trustee, as the case may be, the Bankruptcy Court shall determine whether such proceeds constitute proceeds from the liquidation of Non-Collateral.~~

Notwithstanding anything to the contrary herein, the first $100,000 from the Cash proceeds described in this Paragraph 7.3 shall be retained by the Estate for the benefit of holders of Class 3 Claims.

For the avoidance of doubt, any and all distributions to Lender on account of its Class 1 and 2 Claims described in Paragraphs 7.2 and 7.3 shall not exceed $3,828,953.43 in the aggregate.

**7.4.** **Class 3 (General Unsecured Claims).**

Each holder of an Allowed General Unsecured Claim shall be entitled to Cash in the amount of the Non-Lender Proceeds, on a Pro Rata basis, on the next available Plan Distribution Date, provided that all distributions are to be made in accordance with Paragraph 12.2 herein.

**Article VIII.  Acceptance or Rejection of the Plan**

**8.1.** **Classes Entitled to Vote.**

Classes 1, 2 and 3 shall be entitled to vote to accept or reject the Plan.

**8.2.** **Nonconsensual Confirmation.**

It is anticipated that this Plan will be confirmed on a consensual basis.  However, to the extent that it is not, the Debtors reserve the right to effect a non-consensual confirmation pursuant to the provisions of Bankruptcy Code Section 1129.  Specifically, the Debtors reserve the right to seek confirmation of the Plan pursuant to Bankruptcy Code Section 1129(b) if all of the applicable requirements of Bankruptcy Code Section 1129(a) have been met other than Bankruptcy Code Section 1129(a)(8).

**Article IX.  Executory Contracts**

**9.1.** **Rejection and Assumption of Contracts.**

On the Effective Date, all executory contracts and unexpired leases will be deemed rejected by the Debtors unless such contracts or leases were either (a) expressly assumed by the Debtors prior to the Confirmation Date or (b) are the subject of a pending motion by the Debtors, as of the Confirmation Date, to assume.  The Confirmation Order shall constitute an order of the Bankruptcy Court approving such rejections pursuant to Bankruptcy Code Section 365.

Any Claim for damages arising from rejection of any executory contract or unexpired lease pursuant to entry of an order approving the rejection of the applicable executory contract or unexpired lease (each, a "Rejection Damages Claim") shall be forever barred unless a proof of claim therefor in proper form is filed with the Bankruptcy CourtClaims Agent within the later of: (i) the applicable Claims Bar Date or Government Bar Date or (ii) fifteen (15) days after the Bankruptcy Court's entry of the Confirmation Order or other order approving the rejection of the applicable executory contract or unexpired lease (the later of these dates, the "Rejection

Damages Bar Date") and otherwise in accordance with the provisions of the Bar Date Order. All such Claims shall constitute Class 3 Claims.

## Article X.  Means for Execution and Implementation of the Plan – the Litigation Trust

### 10.1. ~~Liquidating~~Litigation Trust.

On the Effective Date, a newly-formed Delaware trust with no prior assets or liabilities shall be created to wind-down the remainder of Debtors' business and ~~liquidate their remaining~~to make certain distributions pursuant to Paragraphs 6.1, 7.3 and 7.4 (other than the Lender Reserve Amount) herein and liquidate or otherwise administer certain related assets (the "~~Liquidating~~Litigation Trust").  [_____]A Person designated by the Committee shall be appointed as the ~~Liquidating~~Litigation Trustee and shall serve as the trustee of the ~~Liquidating~~Litigation Trust with the rights and duties set forth in this Article X~~I~~X and otherwise herein.  For the avoidance of doubt, the ~~Liquidating~~Litigation Trustee, on the Effective Date, shall have the sole authority to administer the ~~Liquidating~~Litigation Trust Assets.

### 10.2. Transfers to the ~~Liquidating~~Litigation Trust.

On the Effective Date, the Debtors and the Estate shall transfer and shall be deemed to have irrevocably transferred to the ~~Liquidating~~Litigation Trust all of the ~~Liquidating~~Litigation Trust Assets (but subject to all rights, defenses and setoffs of any ~~defendant~~party-in-interest including the Plan Trustee).

### 10.3. ~~Preferences~~Third Party Claims, Avoidance Claims, Commercial Tort Claims and other       Recoveries.

~~The Liquidating Trustee shall be granted the right under the Plan to pursue all Estate causes of actions arising under chapter 5 of the Bankruptcy Code, which are expressly preserved and survive confirmation of the Plan (the "Avoidance Claims").  Additionally, the Liquidating Trustee shall be authorized to pursue on behalf of the Estate all Commercial Tort Claims belonging to the Estate.~~  All Third Party Claims, Avoidance Claims and Commercial Tort Claims are hereby preserved and survive confirmation of the Plan for prosecution and enforcement by the Litigation Trustee.  The Litigation Trustee is authorized to pursue all Third Party Claims, Avoidance Claims and Commercial Tort Claims but is not directed to do so and shall have no obligation to perform an analysis of Third Party Claims, Avoidance Claims and Commercial Tort Claims and shall do so at its sole discretion.

Any recoveries in actions brought pursuant to the authority granted by this Paragraph 10.3 (net of reasonable costs, including taxes, other expenses and professional fees incurred by the ~~Liquidating~~Litigation Trustee in discharge of its duties) shall be distributed to holders of Allowed Class 2, 3 and 4 Claims and Interests pursuant to Paragraphs 6.1, 7.3, 7.4 and Article X~~I~~X herein.

### 10.4. Liquidation of Assets.

Apart from actions brought pursuant to Paragraph 10.3, the ~~Liquidating~~Litigation Trustee shall be authorized to liquidate ~~the Debtors' assets~~or otherwise administer the Litigation Trust Assets and shall make distributions of such Cash proceeds as provided in Paragraphs 6.1, ~~7.2,~~7.3 (other than the Lender Reserve Amount) and 7.4, respectively.

~~**Article XI. Liquidating Trustee**~~

### ~~11.1.~~10.5. Authority of the ~~Liquidating~~Litigation Trustee.

The ~~Liquidating~~Litigation Trustee shall have the authority set forth in this Plan until all distributions required to be made to holders of Allowed Class ~~1,~~2, 3 and 4 Claims and Interests have been made in accordance with the Plan. The ~~Liquidating~~Litigation Trustee may retain counsel and/or other professionals as may be reasonably necessary to carry out its obligations under the Plan and shall be authorized to reimburse counsel and any such other professionals for such professionals' reasonable fees and expenses in accordance with the provisions of Paragraph 12.2(a) of Article XII and the Bankruptcy Code. The Debtors shall not have any liability for any such fees and expenses.

The ~~Liquidating~~Litigation Trustee is expressly given discretion and authority to decide which actions to bring and which actions not to bring in relation to the Third Party Claims, Avoidance Claims ~~and the~~, Commercial Tort Claims and other Litigation Trust Assets. The ~~Liquidating~~Litigation Trustee is expressly granted the power to settle any such actions, either before or after suit is brought. Furthermore, the ~~Liquidating~~Litigation Trustee is expressly authorized to liquidate ~~the Debtors' assets~~or otherwise administer the Litigation Trust Assets in a reasonable manner and to pursue claims or causes of action as may be necessary for such purpose.

### ~~11.2.~~10.6. Compensation of ~~Liquidating~~Litigation Trustee.

The ~~Liquidating~~Litigation Trustee shall be entitled to compensation from the Non-Lender Proceeds on account of his service pursuant to the terms of the ~~Liquidating~~Litigation Trust Agreement approved by the Bankruptcy Court, provided however, that nothing herein shall preclude the ~~Liquidating~~Litigation Trustee from engaging counsel and any such other professionals as may be reasonably necessary to carry out its obligations under the Plan.

### ~~11.3.~~10.7. Authorization, Empowerment, Rights and Duties of ~~Liquidating~~Litigation Trustee.

(a) The ~~Liquidating~~Litigation Trustee shall be authorized and empowered to preserve, protect and maximize the value of the ~~choses in action~~Litigation Trust Assets, as promptly and efficiently as is reasonably possible, and distribute all income and proceeds therefrom in accordance with the terms of the Plan.

(b) The ~~Liquidating~~Litigation Trustee may engage such attorneys, accountants and other professionals as are reasonably required to effectively and efficiently perform his responsibilities under the Plan and shall pay the reasonable fees, charges and expenses of such attorneys, accountants and other professionals who provide services after the Effective Date as

an expense. The ~~Liquidating~~Litigation Trustee may retain professionals who were retained by the Debtors or any Committee during the Case.

(c) The ~~Liquidating~~Litigation Trustee shall have the right ~~and duty~~at his discretion to examine all rights of action, including, without limitation, the Third Party Claims, Avoidance Claims and Commercial Tort Claims and file, litigate to final judgment, settle, withdraw or otherwise resolve such rights of action.

(d) The Litigation Trustee shall be deemed to be a judicial substitute for each of the Debtors as the party-in-interest in these Chapter 11 Cases, under the Plan or in any judicial proceeding or appeal to which any of the Debtors is a party and is appointed as the representative of the Estates for all purposes, including for the commencement, retention and enforcement of all claims and rights, known and unknown, which arose prior to the Effective Date, including the Third Party Claims, Avoidance Claims and Commercial Tort Claims but excluding the Plan Trust Assets.

(d~~e~~) The ~~Liquidating~~Litigation Trustee shall have the right and duty to examine all Claims, not previously allowed as of the Effective Date, including, but not limited to, pursuant to Article XIII herein, and file, litigate to final judgment, settle, withdraw or otherwise resolve objections to such Claims.

(e~~f~~) Notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, from and after the Effective Date, the ~~Liquidating~~Litigation Trustee shall have authority to settle (i) all Third Party Claims, Avoidance Claims and Commercial Tort Claims on behalf of the Estate~~and~~, (ii) all Claims, not previously allowed as of the Effective Date, without further review or approval of the Bankruptcy Court and (iii) all issues or matters related to the liquidation or administration of the Litigation Trust Assets.

(f~~g~~) The ~~Liquidating~~Litigation Trustee shall make distributions under the Plan as often as in the ~~Liquidating~~Litigation Trustee's discretion and judgment there is an amount of funds sufficient to make a meaningful distribution to holders of Class ~~1, 2,~~2 (other than the Lender Reserve Amount), 3 and/or 4. In making such determinations, the ~~Liquidating~~Litigation Trustee shall exclude from distributions amounts of Cash necessary to meet other obligations of the ~~Liquidating~~Litigation Trust and/or the ~~Liquidating~~Litigation Trustee, held for withholding Taxes or other charges, or otherwise needed to pay the present or future expenses, debts, charges, liabilities and obligations of the ~~Liquidating Trust and/or the Liquidating~~Litigation Trust and/or the Litigation Trustee in accordance with the terms of the Plan.~~(g) The Liquidating Trustee may resign by giving written notice of his resignation to the Bankruptcy Court, the twenty largest unsecured creditors, the Office of the United States Trustee, the Lender and all parties who filed notices of appearance and requests for service of pleadings in this Case. Unless the Bankruptcy Court (on motion of any party) orders otherwise, (i) such resignation shall become effective on the date on which the Bankruptcy Court appoints a successor Liquidating Trustee or a replacement Liquidating Trustee is appointed pursuant to the terms of the Liquidating Trust Agreement and (ii) the Liquidating Trustee shall be entitled to compensation up to the date on which the Liquidating Trustee's resignation becomes effective.~~

(h)   The ~~Liquidating~~Litigation Trustee may resign by giving written notice of his resignation to the Bankruptcy Court, the twenty largest unsecured creditors, the Committee, the Office of the United States Trustee, the Lender and all parties who filed notices of appearance and requests for service of pleadings in this Case. Unless the Bankruptcy Court (on motion of any party) orders otherwise, (i) such resignation shall become effective on the date on which the Bankruptcy Court appoints a successor Litigation Trustee or a replacement Litigation Trustee is appointed pursuant to the terms of the Litigation Trust Agreement and (ii) the Litigation Trustee shall be entitled to compensation up to the date on which the Litigation Trustee's resignation becomes effective.

(i)   The Litigation Trustee shall retain and may enforce any and all claims, causes of action and rights of the Debtors or the Estate, including, without limitation, Third Party Claims, Avoidance Claims and Commercial Tort Claims and the right to seek the subordination of Claims, not previously Allowed as of the Effective Date, under Bankruptcy Code Section 510.

(~~i~~j)   The ~~Liquidating~~Litigation Trustee shall be authorized to take any and all necessary actions to comply with the requirements of any taxing authorities, including in connection with its duties pursuant to Paragraph 12.4 herein, including, but not limited to, (i) compile, draft and file any necessary local, state and federal Tax returns on behalf of the Debtors and the ~~Liquidating~~Litigation Trust and (ii) obtain any necessary tax identification numbers.

(k)   The Litigation Trustee shall be authorized and directed to take any and all necessary actions to comply with its duties herein in connection with the wind-down of the remainder of the Debtors' business, distributions pursuant to Paragraphs 6.1, 7.3 and 7.4 (other than the Lender Reserve Amount) herein, the liquidation or other administration of certain related assets and pursuant to Paragraph 18.2 herein, including, but not limited to, (i) compile, draft and file any necessary local, state and federal Tax returns on behalf of the Debtors, (ii) compile, draft and file any necessary local, state and federal forms dissolving the Debtor entities, (iii) administer any and all retirement plans or other employee benefit plans sponsored by the Debtors, including, without limitation, the ESOP and 401(k) Plan.

**10.8. Participation by the Litigation Trustee.**

The Litigation Trustee shall have the right and requisite standing to participate in any (i) hearings on proposed modifications or amendments to the Plan, notwithstanding the provisions of Bankruptcy Code Section 1127, (ii) actions to enforce or interpret the Plan, (iii) proceedings regarding Disputed Claims and (iv) matters related to the Litigation Trust Assets.

**10.9. Investments of Cash Pending Distributions.**

Any Cash recovered by the Litigation Trustee in satisfying its obligations hereunder, shall be invested as the Litigation Trustee determines is reasonable.

**10.10.** **Limitation of Liability of the Litigation Trustee.**

The Litigation Trustee and its professionals are hereby exculpated by holders of Claims and Interests from any and all claims, causes of action and other assertions of liability (including breach of fiduciary duty) arising out of the discharge by the Litigation Trustee of the powers and duties conferred upon him, her or it by the Plan or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law, except solely for actions or omissions arising out of the gross negligence, willful misconduct or fraud of the Litigation Trustee or its professionals. No current holder of a Claim or Interest, or representative thereof, or other party in interest shall have or pursue any claim or cause of action against the Litigation Trustee or its professionals for making payments or distributions in accordance with the Plan.

The Litigation Trustee and any supplemental Litigation Trustee and its members, agents, representatives, employees and professionals shall not be liable to the Debtors, creditors or any other Person, entity or party in interest for any error of judgment made in good faith, but only for gross negligence, willful misconduct or fraud. The Litigation Trustee shall not be liable for any action taken or omitted in good faith and believed by it to be authorized within the discretion or rights or powers conferred upon it by the Plan. The Litigation Trustee makes no representation as to the value or condition of the Debtors' assets or any part thereof, or as to the security afforded by the Plan, or as to the validity, execution (except its own execution), enforceability, legality or sufficiency of the Plan and the Litigation Trustee shall incur no liability or responsibility with respect to such matters. In performing its duties under the Plan, the Litigation Trustee may retain and consult with counsel selected by it and shall have no liability for any action taken upon the advice of such counsel. None of the provisions of the Plan shall require or be construed as requiring the Litigation Trustee to expend or risk its own funds or otherwise incur or expose it to personal financial liability in the performance of any of its duties under the Plan or in the exercise of any of its rights and powers. The Litigation Trustee may rely without inquiry upon any writing delivered to it pursuant to the Plan which it believes in good faith to be genuine and to have been given by a proper Person. The Litigation Trustee shall be indemnified and receive reimbursement from the Estate and the Litigation Trust against and from any and all loss, liability or damage, including payment of attorneys' fees and other costs of defending itself, which it may incur or sustain, other than as a result of gross negligence, willful misconduct or fraud in the exercise and performance of its duties hereunder and under the Plan.

**10.11.** **Certain Records.**

On the Effective Date, the Debtors shall transfer all of the Debtors' books and records to the Litigation Trust. The Litigation Trustee shall maintain such books and records until the earlier of: (i) a final decree has been entered in accordance with Paragraph 18.12 herein and (ii) three (3) years from the filing of the Debtors' final local, state and federal Tax returns. Thereafter, said books and records may be destroyed or otherwise disposed of, provided that twenty (20) days prior notice of such intention to dispose of the books and records shall be provided to the Person on the then-current Bankruptcy Rule 2002 service list maintained in the Chapter 11 Case. If the Litigation Trustee seeks to destroy or otherwise dispose of any such books and records prior to the time periods set forth herein, the Litigation Trustee shall be entitled to do so upon order of the Bankruptcy Court obtained on motion and twenty (20) days

negative notice to the then-current Bankruptcy Rule 2002 service list maintained in the Chapter 11 Case.

**10.12.     Termination of the Litigation Trust and Litigation Trustee.**

Upon substantial completion of its functions as designated herein, the Litigation Trustee shall be discharged and the Litigation Trust shall be terminated.

### Article XI.  Means for Execution and Implementation of the Plan – the Plan Trust

**11.1. Plan Trust.**

On the Effective Date, a newly-formed Delaware trust with no prior assets or liabilities shall be created to make certain distributions pursuant to Paragraph 7.2 herein and to the Litigation Trust for the benefit of Class 3 Claims under Paragraph 7.4 herein and to liquidate or otherwise administer certain related assets (the "Plan Trust"). Craig R. Jalbert, CIRA or another Person designated by the Lender, and as reasonably acceptable to the Debtors and the Committee, shall be appointed as the Plan Trustee and shall serve as the trustee of the Plan Trust with the rights and duties set forth in this Article XI and otherwise herein. For the avoidance of doubt, the Plan Trustee, on the Effective Date, shall have the sole authority to administer the Plan Trust Assets.

**11.2. Transfers to the Plan Trust.**

On the Effective Date, the Debtors and the Estate shall transfer and shall be deemed to have irrevocably transferred to the Plan Trust all of the Plan Trust Assets (but subject to all rights, defenses and setoffs of any party-in-interest including the Litigation Trustee).

**11.3. Liquidation of Assets.**

The Plan Trustee shall be authorized to liquidate or otherwise administer the Plan Trust Assets and shall make distributions of such Cash proceeds as provided in Paragraph 7.2 herein and to the Litigation Trust for the benefit of Class 3 Claims under Paragraph 7.4 herein.

**11.4. ~~Participation by~~Authority of the ~~Liquidating~~Plan Trustee.**

~~The Liquidating Trustee shall have the right to participate in any (i) hearings on proposed modifications or amendments to the Plan, notwithstanding the provisions of Bankruptcy Code Section 1127, (ii) actions to enforce or interpret the Plan, and (iii) proceedings regarding Disputed Class 3 Claims.~~

~~**11.5. Investments of Cash Pending Distributions.**~~

~~Any Cash recovered by the Liquidating Trustee in satisfying its obligations hereunder, shall be invested as the Liquidating Trustee determines is reasonable.~~

The Plan Trustee shall have the authority set forth in this Plan until the Plan Trust Assets have been liquidated or otherwise administered and distributions required to be made to holders of Allowed Class 1 Claims and to the Litigation Trust for the benefit of Allowed Class 3 Claims have been made from the proceeds of such Plan Trust Assets. The Plan Trustee may retain counsel and/or other professionals as may be reasonably necessary to carry out its obligations under the Plan and shall be authorized to reimburse counsel and any such other professionals for such professionals' reasonable fees and expenses in accordance with the provisions of Paragraph 12.2(b) of Article XII and the Bankruptcy Code. The Debtors shall not have any liability for any such fees and expenses.

Furthermore, the Plan Trustee is expressly authorized to liquidate or otherwise administer the Plan Trust Assets in a reasonable manner and to pursue claims or causes of action as may be necessary for such purpose.

**11.5. Compensation of Plan Trustee.**

The Plan Trustee shall be entitled to compensation from the Lender Proceeds on account of his service pursuant to the terms of the Plan Trust Agreement approved by the Bankruptcy Court, provided however, that nothing herein shall preclude the Plan Trustee from engaging counsel and any such other professionals as may be reasonably necessary to carry out its obligations under the Plan.

**11.6. ~~Limitation of Liability of the Liquidating~~Authorization, Empowerment, Rights and Duties of Plan Trustee.**

(a) The Plan Trustee shall be authorized and empowered to preserve, protect and maximize the value of the Plan Trust Assets, as promptly and efficiently as is reasonably possible, and distribute all income and proceeds therefrom in accordance with the terms of the Plan.

(b) The Plan Trustee may engage such attorneys, accountants and other professionals as are reasonably required to effectively and efficiently perform his responsibilities under the Plan and shall pay the reasonable fees, charges and expenses of such attorneys, accountants and other professionals who provide services after the Effective Date as an expense. The Plan Trustee may retain professionals who were retained by the Debtors or any Committee during the Case.

(c) The Plan Trustee shall make distributions under the Plan as often as in the Plan Trustee's discretion and judgment there is an amount of funds sufficient to make a meaningful distribution to holders of Class 1 and to the Litigation Trust on account of Class 3. In making such determinations, the Plan Trustee shall exclude from distributions amounts of Cash necessary to meet other obligations of the Plan Trust and/or the Plan Trustee, held for withholding Taxes or other charges, or otherwise needed to pay the present or future expenses,

14

debts, charges, liabilities and obligations of the Plan Trust and/or the Plan Trustee in accordance with the terms of the Plan.

(d)     The Plan Trustee may resign by giving written notice of his resignation to the Bankruptcy Court, the twenty largest unsecured creditors, the Committee, the Office of the United States Trustee, the Lender and all parties who filed notices of appearance and requests for service of pleadings in this Case. Unless the Bankruptcy Court (on motion of any party) orders otherwise, (i) such resignation shall become effective on the date on which the Bankruptcy Court appoints a successor Plan Trustee or a replacement Plan Trustee is appointed pursuant to the terms of the Plan Trust Agreement and (ii) the Plan Trustee shall be entitled to compensation up to the date on which the Plan Trustee's resignation becomes effective.

(e)     The Plan Trustee shall be authorized to take any and all necessary actions to comply with the requirements of any taxing authorities, including in connection with its duties pursuant to Paragraph 12.4 herein, including, but not limited to, (i) compile, draft and file any necessary local, state and federal Tax returns on behalf of the Debtors and the Plan Trust and (ii) obtain any necessary tax identification numbers.

## 11.7. Participation by the Plan Trustee.

The Plan Trustee shall have the right and requisite standing to participate in any (i) hearings on proposed modifications or amendments to the Plan, notwithstanding the provisions of Bankruptcy Code Section 1127, (ii) actions to enforce or interpret the Plan, (iii) proceedings regarding Disputed Claims and (iv) matters related to the Plan Trust Assets.

## 11.8. Investments of Cash Pending Distributions.

Any Cash recovered by the Plan Trustee in satisfying its obligations hereunder, shall be invested as the Plan Trustee determines is reasonable.

## 11.9. Limitation of Liability of the Plan Trustee.

~~The Liquidating Trustee and its counsel are hereby exculpated by holders of Claims from any and all claims, causes of action and other assertions of liability (including breach of fiduciary duty) arising out of the discharge by the Liquidating Trustee of the powers and duties conferred upon him, her or it by the Plan or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law, except solely for actions or omissions arising out of the gross negligence, willful misconduct or fraud of the Liquidating Trustee or its counsel~~

The Plan Trustee and its professionals are hereby exculpated by holders of Claims and Interests from any and all claims, causes of action and other assertions of liability (including breach of fiduciary duty) arising out of the discharge by the Plan Trustee of the powers and duties conferred upon him, her or it by the Plan or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or applicable law, except solely for actions or omissions arising out of the gross negligence, willful misconduct or fraud of the Plan Trustee or its professionals. No current holder of a Claim or Interest, or representative thereof, or other party

in interest shall have or pursue any claim or cause of action against the ~~Liquidating~~Plan Trustee or its ~~counsel~~professionals for making payments or distributions in accordance with the Plan.

~~The Liquidating Trustee and any supplemental Liquidating Trustee and its members, agents, representatives, employees and professionals shall not be liable to the Debtors, creditors or any other Entity or party in interest for any error of judgment made in good faith, but only for gross negligence, willful misconduct or fraud. The Liquidating Trustee shall not be liable for any action taken or omitted in good faith and believed by it to be authorized within the discretion or rights or powers conferred upon it by the Plan. The Liquidating Trustee makes no representation as to the value or condition of the Debtors' assets or any part thereof, or as to the security afforded by the Plan, or as to the validity, execution (except its own execution), enforceability, legality or sufficiency of the Plan and the Liquidating Trustee shall incur no liability or responsibility with respect to such matters. In performing its duties under the Plan, the Liquidating Trustee may retain and consult with counsel selected by it and shall have no liability for any action taken upon the advice of such counsel. None of the provisions of the Plan shall require or be construed as requiring the Liquidating Trustee to expend or risk its own funds or otherwise incur or expose it to personal financial liability in the performance of any of its duties under the Plan or in the exercise of any of its rights and powers. The Liquidating Trustee may rely without inquiry upon any writing delivered to it pursuant to the Plan which it believes in good faith to be genuine and to have been given by a proper Person. The Liquidating Trustee shall be indemnified and receive reimbursement from the Estate and the Liquidating Trust against and from any and all loss, liability or damage, including payment of attorneys' fees and other costs of defending itself, which it may incur or sustain, other than as a result of gross negligence, willful misconduct or fraud in the exercise and performance of its duties hereunder and under the Plan.~~

**~~11.7.~~**
The Plan Trustee and any supplemental Plan Trustee and its members, agents, representatives, employees and professionals shall not be liable to the Debtors, creditors or any other Person, entity or party in interest for any error of judgment made in good faith, but only for gross negligence, willful misconduct or fraud. The Plan Trustee shall not be liable for any action taken or omitted in good faith and believed by it to be authorized within the discretion or rights or powers conferred upon it by the Plan. The Plan Trustee makes no representation as to the value or condition of the Debtors' assets or any part thereof, or as to the security afforded by the Plan, or as to the validity, execution (except its own execution), enforceability, legality or sufficiency of the Plan and the Plan Trustee shall incur no liability or responsibility with respect to such matters. In performing its duties under the Plan, the Plan Trustee may retain and consult with counsel selected by it and shall have no liability for any action taken upon the advice of such counsel. None of the provisions of the Plan shall require or be construed as requiring the Plan Trustee to expend or risk its own funds or otherwise incur or expose it to personal financial liability in the performance of any of its duties under the Plan or in the exercise of any of its rights and powers. The Plan Trustee may rely without inquiry upon any writing delivered to it pursuant to the Plan which it believes in good faith to be genuine and to have been given by a proper Person. The Plan Trustee shall be indemnified and receive reimbursement from the Estate and the Plan Trust against and from any and all loss, liability or damage, including payment of attorneys' fees and other costs of defending itself, which it may incur or sustain,

other than as a result of gross negligence, willful misconduct or fraud in the exercise and performance of its duties hereunder and under the Plan.

## 11.10. Certain Records.

Upon written request to the ~~Estate~~Litigation Trustee, which requests shall be reasonable in scope and related to the duties of the ~~Liquidating~~Plan Trustee, it shall (at no material cost or expense to the ~~Estate~~Litigation Trustee) be afforded reasonable access (with no obligation on the part of the ~~Estate~~Litigation Trustee to advance photocopying or other costs related to the ~~Liquidating~~Plan Trustee's efforts) to the pre-Effective Date records of the Debtors transferred to the Litigation Trustee pursuant to Paragraph 10.11 herein.

## ~~11.8.~~11.11. Termination of the ~~Liquidating~~Plan Trust and ~~Liquidating~~Plan Trustee.

Upon substantial completion of its functions as designated herein, the ~~Liquidating~~Plan Trustee shall be discharged and the ~~Liquidating~~Plan Trust shall be terminated. For the avoidance of doubt, upon termination of the Plan Trust and after all costs and expenses of the Plan Trust have been paid and after all distributions have been made by the Plan Trustee in accordance with its duties herein, any remaining proceeds shall be distributed to the Litigation Trustee to distribute or otherwise dispose in accordance with the Litigation Trustee's duties under the Plan.

## Article XII. Distributions

### 12.1. Distributions to ~~Liquidating~~Litigation Trustee and Plan Trustee.

(a) On the Effective Date, the Debtors shall make any available distributions to the ~~Liquidating~~Litigation Trustee for (i) distributions to holders of Allowed Class ~~1~~, 2, 3 and/or 4 Claims and Interests and (ii) sufficient Cash to make the distributions required by the Plan to be made on the Effective Date. Furthermore, the Debtors shall be deemed to have transferred the Litigation Trust Assets to the Litigation Trust on the Effective Date.

(b) On the Effective Date, the Debtors shall (i) distribute the Lender Reserve Amount to the Lender in accordance with Paragraph 7.3 herein and (ii) make any available distributions to the Plan Trustee for distributions to holders of Allowed Class 1 Claims. Furthermore, the Debtors shall be deemed to have transferred the Plan Trust Assets to the Plan Trust on the Effective Date.

### 12.2. Distributions.

(a) ~~Liquidating~~Litigation Trustee.

The ~~Liquidating~~Litigation Trustee shall be solely responsible for making ~~all of the~~ distributions ~~under the Plan including distributions (i)~~out of proceeds of the Litigation Trust Assets or Cash provided pursuant to Paragraph 12.1(a) in accordance with the Plan to holders of: (i) Allowed Administrative Claims including Allowed Professional Fee Claims; (ii) Allowed Priority Claims; (iii) Allowed Class ~~1,~~2, 3 and 4 Claims and Interests according to the terms of

the Plan and (iv) ~~required to be made~~<u>Allowed Claims otherwise requiring distributions</u> on the Effective Date of the Plan.

All costs and expenses in connection with such distributions made by the ~~Liquidating~~<u>Litigation</u> Trustee, including, without limitation, the fees and expenses of the ~~Liquidating~~<u>Litigation</u> Trustee and its professionals, shall be borne solely out of Non-Lender Proceeds~~; provided, however, to the extent any such fees and expenses are incurred directly in connection with the liquidation and distribution of any Collateral to be distributed to the Lender pursuant to Paragraphs 7.2 or 7.3 herein, such direct fees and expenses may be charged ratably to the applicable Collateral~~.

<u>Notwithstanding anything to the contrary in the Plan, the Litigation Trustee shall retain and reserve sufficient Cash in its reasonable estimation for unpaid Professional Fee Claims and claims for post-Effective Date fees and expenses described in Paragraph 18.11(b) herein. Following the completion of the procedures set forth in Paragraph 4.2 herein and all distributions by the Litigation Trustee on account of any Allowed Professional Fee Claims and post-Effective Date fees and expenses pursuant to Paragraph 18.11(b) herein, the Litigation Trustee shall otherwise distribute any unused balance of such reserve in accordance with its obligations herein.</u>

<u>(b)</u>    <u>Plan Trustee.</u>

<u>The Plan Trustee shall be solely responsible for making distributions out of proceeds of the Plan Trust Assets in accordance with the Plan to holders of Allowed Class 1 Claims and to the Litigation Trust for the benefit of Allowed Class 3 Claims.</u>

<u>All costs and expenses in connection with or directly related to pursuing, defending, recovering or otherwise administering Plan Trust Assets, including, without limitation, the fees and expenses of the Plan Trustee and its professionals, shall be borne solely out of the Lender Proceeds; provided, however, all costs and expenses in connection with establishing and maintaining the Plan Trust shall be borne solely out of the portion of the Lender Proceeds allocable to the Lender.</u>

<u>(c)</u>    <u>Net Recovery.</u>

<u>For the avoidance of doubt, any recoveries of proceeds of Collateral or Non-Collateral, whether before or after the Effective Date, for the benefit of Allowed Class 1, 2, 3 or 4 Claims and Interests shall be distributed in accordance with the terms of this Plan net of any fees and expenses (including professional fees) incurred in connection with such recoveries.</u>

~~(b)~~<u>(d)</u>    Dates of Distributions.

All distributions required to be made in the Plan shall be made on the Plan Distribution Date. Any distribution required to be made on the Effective Date shall be deemed to be made on such date if made as soon as practicable after such date and, in any event, within thirty (30) days

after such date. Any distribution required to be made on the date on which a Claim becomes an Allowed Claim shall be deemed to be made on such date if made as soon as practicable after such date and, in any event, within thirty (30) days after such date.

The ~~Liquidating~~Litigation Trustee and the Plan Trustee, respectively, shall make distributions as often as in its respective discretion and judgment there is an amount of funds in the Debtors sufficient to make a meaningful distribution. In making such determinations, the ~~Liquidating~~Litigation Trustee and the Plan Trustee, respectively, shall exclude from distributions amounts of Cash necessary to meet other obligations of the ~~Liquidating~~Litigation Trust and/or the ~~Liquidating~~Litigation Trustee and the Plan Trust and/or the Plan Trustee, respectively, held for withholding Taxes or other charges, or otherwise needed to pay the present or future expenses, debts, charges, liabilities and obligations of the ~~Liquidating~~Litigation Trust and/or the ~~Liquidating~~Litigation Trustee and the Plan Trust and/or the Plan Trustee, respectively, in accordance with the terms of the Plan~~; provided, however, no such amounts shall be withheld from the proceeds of Collateral to be distributed to the Lender except as provided in Paragraph 12.2(a) above~~.

(e~~e~~) Manner of Payment.

At the option of the ~~Liquidating~~Litigation Trustee and the Plan Trustee, respectively, with respect to the distributions to be made by it, distributions may be made in Cash, by wire transfer or by a check drawn on a domestic bank.

(~~d~~f) Minimum Distributions.

Notwithstanding anything to the contrary herein, the ~~Liquidating~~Litigation Trustee and the Plan Trustee, respectively, shall not be obligated to make any distribution to the holder of an Allowed Claim or Interest in the aggregate amount of $~~10.00~~20.00 or less. To the extent Cash remains undistributed as a result of this Paragraph 12.2(~~d~~f), such Cash shall be treated as "Unclaimed Property" under Paragraph 12.5(d) of the Plan.

**12.3. Rounding of Payments.**

Whenever payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction down to the nearest whole cent. To the extent Cash remains undistributed as a result of the rounding of such fraction to the nearest whole cent, such Cash shall be treated as "Unclaimed Property" under Paragraph 12.5(d) of the Plan.

**12.4. Compliance with Tax Requirements.**

The ~~Liquidating~~Litigation Trustee and the Plan Trustee, respectively, shall comply with all withholding and reporting requirements imposed by federal, state or local taxing authorities in connection with making distributions pursuant to the Plan.

**12.5. Undeliverable Distributions, Voided Checks and Distribution of Unclaimed Property.**

(a)     If any distribution by the ~~Liquidating~~Litigation Trustee or the Plan Trustee, respectively, to the holder of an Allowed Claim or Interest is returned as undeliverable, no further distributions to such holder shall be made unless and until the holder notifies the ~~Liquidating~~Litigation Trustee of the Plan Trustee, as the case may be, in writing, in accordance with Paragraph 18.4, of such holder's then-current address, at which time all missed distributions shall, subject to Paragraph 12.5(d), be made as soon as is practicable to such holder, without interest.

(b)     Checks issued by or on behalf of the ~~Liquidating~~Litigation Trustee or the Plan Trustee, respectively, in respect of Allowed Claims or Interests shall be null and void if not negotiated within one hundred and twenty (120) days after the date of issuance thereof. Requests for re-issuance of any check shall be made in accordance with the notice provisions of Paragraph 18.4 by the holder of the Allowed Claim or Interest to whom such check was originally issued. No further distributions to such holder shall be made unless and until the holder notifies the ~~Liquidating~~Litigation Trustee or the Plan Trustee, as the case may be, in writing of such holder's claim for the voided check, at which time and as soon as is practicable, subject to Paragraph 12.5(d), a check shall be re-issued to such holder, without interest.

(c)     Notwithstanding anything to the contrary herein, nothing contained in the Plan shall require the ~~Liquidating~~Litigation Trustee or Plan Trustee to attempt to locate the holder of an Allowed Claim or Interest which is the subject of an undeliverable distribution or voided check.

(d)     All claims for undeliverable distributions or voided checks shall be made on or before one hundred and fifty (150) days after the date such undeliverable distribution or check was initially made or issued, respectively. After such dates, all such distributions shall be deemed Unclaimed Property under Bankruptcy Code Section 347(b). The holder of any Claim or Interest for which an undeliverable distribution or voided check has been deemed Unclaimed Property shall not be entitled to any other or further distribution under the Plan on account of such Claim or Interest. The Unclaimed Property shall be set aside and held in a segregated interest-bearing account to be maintained by the ~~Liquidating~~Litigation Trustee or the Plan Trustee, as the case may be, with respect to undeliverable distributions and voided checks. Unclaimed Property may be deposited into a single account for all Unclaimed Property (meaning separate accounts are not necessary for each claimant's unclaimed distribution). Any such Unclaimed Property and accrued interest or dividends earned thereon shall become the property of, and shall be released to, the ~~Liquidating~~Litigation Trustee or the Plan Trustee, as the case may be, to be applied to payment of any Allowed Claims or Interests that have not yet been paid in accordance with the terms of the Plan; or, if all such Allowed Claims or Interests have been satisfied, then to the ~~Liquidating~~Litigation Trustee or the Plan Trustee, as the case may be, and in the event the ~~Liquidating~~Litigation Trustee or the Plan Trustee, as the case may be, has been discharged, then such funds shall be ~~paid into the registry of funds maintained by the Bankruptcy Court~~donated to a charity selected by the Litigation Trustee.

**12.6. Setoff.**

The ~~Liquidating~~Litigation Trustee may, but is not required to, set off against any Claim and the distribution to be made pursuant to the Plan in respect of such Claim, any claims of any nature which the Estate may have against the holder of such Claim. Neither the failure by the ~~Liquidating~~Litigation Trustee or the Estate to affect such a setoff nor the allowance of any Claim shall constitute a waiver or a release of any claim which the Estate may have against the holder of a Claim.

## Article XIII. Procedures for Resolving Objections to Claims

**13.1. Objections to Claims.**

Prior to the Effective Date, the Debtors shall be responsible for pursuing any objection to the allowance of any Claim including, without limitation, pursuant to Paragraph 4.2 herein and this Article XIII. From and after the Effective Date, the ~~Liquidating~~Litigation Trustee shall be solely responsible for pursuing any objection to the allowance of any and all Claims including, without limitation, pursuant to Paragraph 4.2 herein and this Article XIII.

Unless another date is established by the Bankruptcy Court, any objection to a Claim shall be filed with the Bankruptcy Court and served on the Person holding such Claim within ~~sixty (60~~one hundred eighty (180) days of the Effective Date ("Claims Objection Bar Date"). The ~~Liquidating~~Litigation Trustee shall have the right to petition the Bankruptcy Court, without notice or a hearing, for an extension of such dates if a complete review of all Claims cannot be completed by such date.

**13.2. Treatment of Disputed Claims.**

    (a)    No Distribution Pending Allowance.

If any portion of a Claim is a Disputed Claim, no payment or distribution provided for under the Plan shall be made on account of the portion of such Claim that is a Disputed Claim unless and until such Disputed Claim becomes an Allowed Claim, but the payment or distribution provided for under the Plan shall be made on account of the portion of such Claim that is an Allowed Claim.

    (b)    Distribution After Allowance.

As soon as practicable after the date on which a Disputed Claim becomes an Allowed Claim and, in any event, within thirty (30) days after such date, the ~~Liquidating~~Litigation Trustee shall distribute to the Person holding such Claim any Cash that would have been distributable to such Person if such Claim had been an Allowed Claim on the Effective Date.

    (c)    Reserves for Disputed Claims.

In the event that Disputed Claims are pending, the ~~Liquidating~~Litigation Trustee shall establish reasonable reserves for such Disputed Claims, and the aggregate property to be distributed to holders of Allowed Claims on any Plan Distribution Date shall be adjusted to reflect such reserves.

### 13.3. Administrative Claims.

The resolution of Administrative Claims shall be governed by Paragraph 4.2 of this Plan.

### 13.4. Professional Fee Claims.

The resolution of Professional Fee Claims shall be governed by Paragraph 4.2 of this Plan.

### 13.5 Subordinated Claims.

~~Either the Debtors prior to the Effective Date or the Liquidating Trustee after the Effective Date shall commence appropriate proceedings in the Bankruptcy Court with respect to any Claims it believes to be~~Subordinated Equity Claims are subordinated pursuant to Bankruptcy Code Section 510(b)~~.~~ for purposes of distribution under the Plan in accordance with Paragraph 6.1 herein.

## Article XIV.  Effects of Plan Confirmation

### 14.1. Binding Effect of Confirmation.

Confirmation will bind the Debtors, all holders of Claims or Interests and all other parties in interest to the provisions of the Plan whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not the holder of such Claim or Interest has accepted the Plan.

### 14.2. Good Faith.

Confirmation of the Plan shall constitute a finding that: (i) this Plan has been proposed by the Debtors in good faith and in compliance with applicable provisions of the Bankruptcy Code and (ii) all Persons' solicitations of acceptances or rejections of this Plan have been in good faith and in compliance with applicable provisions of the Bankruptcy Code.

### 14.3. Injunction.

Except as otherwise provided in the Plan or the Confirmation Order, on and after the Effective Date, all Persons who have held, currently hold or may hold a debt, Claim or Interest discharged pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions on account of any such discharged debt, Claim or Interest: (i) commencing or continuing in any manner any action or other proceeding against the Debtors, their successors or

their respective property; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtors, their successors or their respective property; (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtors, their successors or their respective property; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due to the Debtors, their successors or their respective property; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order. Any Person injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages from the willful violator.

### 14.4. <u>Exculpation and Limitation of Liabilities.</u>

**To the maximum extent permitted by law, none of the Debtors, the Estate, the ~~Liquidating~~Litigation Trustee, the Plan Trustee, nor any of their employees, officers, directors, agents, members, representatives or the professionals employed or retained by any of them, whether or not by Bankruptcy Court order (each, an "<u>Exculpated Person</u>"), shall have or incur liability to any Person for any act taken or omission made in good faith in connection with or related to the formulation of the Plan, the Disclosure Statement or a contract, instrument, release or other agreement or document created in connection therewith, the solicitation of acceptances for or confirmation of the Plan or the consummation and implementation of the Plan and the transactions contemplated therein. Each Exculpated Person shall in all respects be entitled to reasonably rely on the advice of counsel with respect to its duties and responsibilities under the Plan. Entry of the Confirmation Order constitutes a judicial determination that the exculpation provision contained in this Paragraph is necessary to, *inter alia*, facilitate confirmation and to minimize potential claims arising after the Effective Date. The Confirmation Order's approval of the Plan also constitutes a *res judicata* determination of the matters included in the exculpation provisions of the Plan.**

### 14.5. <u>Release of Lender by Debtors, Litigation Trustee and ~~Liquidating~~Plan Trustee.</u>

**Except as otherwise provided for herein or in the Confirmation Order, all consideration distributed under the Plan and the Claim treatment agreed to by Lender as described in Article VII, shall be in exchange for, and in complete satisfaction, settlement, and release of all claims or causes of action of any nature whatsoever by the Debtors, the Estate, the Litigation Trustee or the ~~Liquidating~~Plan Trustee against Lender and Lender shall be deemed so released from any such claim which existed, whether known or unknown, as of the Effective Date of the Plan. The Debtors, the Estate, the Litigation Trustee and the ~~Liquidating~~Plan Trustee shall each be precluded and permanently enjoined from asserting against the Lender, its assets and properties, any Claims, debts or Interests based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date. Any Person injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys'**

fees, and, in appropriate circumstances, may recover punitive damages from the willful violator.

## Article XV. Conditions to Effectiveness

### 15.1. Conditions Precedent to Plan ~~Consummation~~Effectiveness.

It shall be a condition precedent to the ~~consummation~~effectiveness of the Plan that:

(a)   the Confirmation Order shall have been entered;

(b)   no stay of the Confirmation Order shall be in effect; and

(c)   all other agreements and instruments contemplated by, or to be entered into pursuant to, the Plan, shall have been duly and validly executed and delivered to the parties thereto and all conditions to their effectiveness shall have been satisfied or waived.

### 15.2. Waiver of Conditions.

Each of the conditions precedent specified in Paragraph 15.1 may be only be waived by the Debtors.

## Article XVI. Retention of Jurisdiction

### 16.1. Retention of Jurisdiction.

Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Case and any of the proceedings arising from or relating to, the Case pursuant to Bankruptcy Code Section 1142 and 28 U.S.C. § 1334 to the fullest extent permitted by the Bankruptcy Code and other applicable law, including, without limitation, such jurisdiction as is necessary to ensure that the purpose and intent of the Plan are carried out. Without limiting the generality of the foregoing, the Bankruptcy Court shall retain jurisdiction for the following purposes:

(a)   to hear and determine any and all objections to the allowance, or requests for estimation, of Claims or the establishment of reserves pending the resolution of Disputed Claims;

(b)   to consider and act on the compromise and settlement of any Claim against, or cause of action on behalf of, the Debtors or the Estate;

(c)   to hear and determine any motions pending on the Effective Date to reject any executory contract or unexpired lease and to determine the allowance of any Claim resulting therefrom;

(d) to enter such orders as may be necessary or appropriate in connection with the recovery of the Debtors' assets wherever located;

(e) to hear and determine any and all applications for allowance of compensation and reimbursement of expenses;

(f) to hear and determine any and all controversies, suits and disputes arising under or in connection with the interpretation, implementation or enforcement of the Plan and any of the documents intended to implement the provisions of the Plan or any other matters to be resolved by the Bankruptcy Court under the terms of the Plan;

(g) to hear and determine any motions or contested matters involving Taxes, Tax refunds, Tax attributes and Tax benefits and similar and related matters with respect to the Debtors arising prior to the Effective Date or relating to the administration of the Case, including, without limitation, matters involving federal, state and local Taxes in accordance with Bankruptcy Code Sections 346, 505 and 1146;

(h) to hear and determine any and all applications, adversary proceedings and contested matters pending on the Effective Date or that may be commenced thereafter as provided in the Plan;

(i) to effectuate distributions under and performance of the provisions of the Plan;

(j) to hear and determine any applications to modify any provision of the Plan to the full extent permitted by the Bankruptcy Code;

(k) to correct any defect, cure any omission or reconcile any inconsistency in the Plan, the exhibits to the Plan and annexes thereto or any order of the Bankruptcy Court, including the Confirmation Order, as may be necessary to carry out the purposes and intent of the Plan;

(l) to determine such other matters as may be provided for in the Confirmation Order or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

(m) to enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings issued or entered in connection with the Case or the Plan;

(n) to enter such orders as may be necessary or appropriate in aid of confirmation and to facilitate implementation of the Plan, including, without limitation, any stay orders as may be appropriate in the event that the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(o) to determine any other matter not inconsistent with the Bankruptcy Code or the Plan; and

(p)   to resolve any disputes regarding fees and expenses of professionals employed by the ~~Liquidating~~Litigation Trustee or the Plan Trustee, respectively.

## Article XVII.   Modification or Withdrawal of Plan

### 17.1. Modification of Plan.

At any time prior to confirmation of the Plan, the Debtors may supplement, amend or modify the Plan.

After confirmation of the Plan, the Debtors, the Litigation Trustee or the ~~Liquidating~~Plan Trustee may apply to the Bankruptcy Court, pursuant to Bankruptcy Code Section 1127, to modify the Plan.   After confirmation of the Plan, the Debtors ~~or Liquidating~~, the Litigation Trustee or the Plan Trustee may apply to remedy defects or omissions in the Plan or to reconcile inconsistencies in the Plan.   The Plan may not be altered, amended or modified without the written consent of the Debtors ~~or Liquidating~~, the Litigation Trustee and the Plan Trustee.

### 17.2. Withdrawal of Plan.

The Debtors reserve the right to revoke and withdraw the Plan at any time before the Confirmation Date.

## Article XVIII.   Miscellaneous

### 18.1. Saturday, Sunday or Legal Holiday.

If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

### 18.2. Resignation of Officers and Directors and Dissolution of Debtors.

Upon the Effective Date, all of the Debtors' officers and directors in office immediately prior to the Effective Date shall be deemed to have resigned from their positions with the Debtors (without the necessity of any further action or writing or Bankruptcy Court order) and shall have no further responsibilities, duties and obligations arising after the Effective Date. None of the Debtors' present officers or directors shall have any liability for the acts or omissions of the ~~Liquidating~~Litigation Trust ~~or Liquidating  Trustee, and each such Person will have a continuing obligation to enforce the Confirmation Order and the terms of this Plan so as to ensure that the Debtors' officers and directors are "held harmless" for any and all acts or omissions of the Liquidating Trust and~~/, Litigation Trustee, Plan Trust or ~~Liquidating~~Plan Trustee.   Additionally, upon the Effective Date or as soon thereafter reasonably practicable, the ~~Liquidating~~Litigation Trustee shall dissolve the Debtor entities.

### 18.3. Headings.

The headings used in the Plan are inserted for convenience only and neither constitute a portion of the Plan nor in any manner affect the construction of the provisions of the Plan.

**18.4. Notices.**

(a)    All notices and requests in connection with the Plan shall be in writing and shall be sent by facsimile, hand delivered or sent by mail addressed to:

the Debtors:

c/o John G. Haggerty
Argus Management Corporation
15 Keith Hill Road, Suite 100
Grafton, MA 01519
Facsimile: (508) 839-6665

with copies to:

BROWN RUDNICK LLP
One Financial Center
Boston, MA  02111
Facsimile: (617) 289-0420
Attention:  William R. Baldiga, Esq.

and, if to the Lender:

ORIX FINANCE CORP.
1717 Main Street, Suite 1100
Dallas, TX 75201
Facsimile: (214) 237-2018
Attention:  Robert J.B. Lenhardt,
            General Counsel

with copies to:

RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY 10281
Facsimile: (212) 530-1801
Attention:  Larry G. Halperin, Esq.
            Joon P. Hong, Esq.

and, if to the ~~Liquidating~~Plan Trustee:

c/o Craig R. Jalbert, CIRA
Verdolino & Lowey, P.C.
124 Washington Street, Suite 101
Foxboro, MA 02035
Facsimile: (508) 543-4114

And, if to the Litigation Trustee:

[_____]
KLEHR HARRISON HARVEY BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Facsimile: (215) 568-6603
Attention: Morton Branzburg, Esq.

(b)     All notices and requests to any Person holding of record any Claim or Interest shall be sent to such Person at its last known address or to the last known address of its attorney of record. Any such Person may designate in writing any other address for purposes of this Paragraph 18.4, which designation will be effective on receipt.

## 18.5. Governing Law.

Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of ~~New York~~Delaware.

## 18.6. Successors and Assigns.

The rights, duties and obligations of any entity named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such entity.

## 18.7. Severability of Plan Provisions.

If, prior to the Confirmation Date, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court shall, with the consent of the Debtors, have the power to interpret, modify or delete such term or provision (or portions thereof) to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable and such term or provision shall then be operative as interpreted, modified or deleted. Notwithstanding any such interpretation, modification or deletion, the remainder of the terms and provisions of the Plan shall in no way be affected, impaired or invalidated by such interpretation, modification or deletion.

## 18.8. No Waiver.

The failure of the Debtors to object to any Claim for purposes of voting shall not be deemed a waiver of the Debtors' or ~~Liquidating~~Litigation Trustee's right to object to or examine such Claim, in whole or in part.

**18.9. Payment of Post-Petition Interest and Attorneys' Fees.**

Unless otherwise expressly provided in the Plan or allowed by Final Order of the Bankruptcy Court, the Debtors, the Litigation Trustee or the ~~Liquidating~~Plan Trustee shall not be required to pay to any holder of a Claim any interest accruing on or after the Petition Date or any attorneys' fees with respect to such Claim, unless there are sufficient funds to pay holders of Allowed Class 3 Claims in full, in which case interest on such Allowed Class 3 Claims may be paid in accordance with the Bankruptcy Code and Paragraphs 10.7(f) and 12.2(f) herein.

**18.10.     Committee.**

Any Committee shall terminate on the Confirmation Date.

**18.11.     Post-Effective Date Fees and Expenses.**

(a)   From and after the Effective Date, the ~~Estate and/or the Liquidating~~Litigation Trustee shall, without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of the professional Persons thereafter incurred by the Estate and/or the ~~Liquidating~~Litigation Trustee related to the implementation and consummation of the Plan (i.e., fees and expenses that are not Administrative Claims – payment of Administrative Claims being dealt with elsewhere in the Plan). Such fees and expenses shall be paid within fifteen (15) days of the ~~client~~Litigation Trustee's receipt of the applicable invoice, absent objection by the ~~client.~~ Litigation Trustee.

(b)   From and after the Effective Date, the Litigation Trustee shall, without necessity for any approval by the Bankruptcy Court, pay the reasonable professional fees and expenses incurred by the Professional Persons after the Effective Date solely related to and in connection with the filing and allowance procedures in Paragraphs 4.2(b) and (c) herein (i.e., fees and expenses that are not Administrative Claims – payment of Administrative Claims being dealt with elsewhere in the Plan). Such fees and expenses shall be paid within fifteen (15) days of the Litigation Trustee's receipt of the applicable invoice, absent objection by the Litigation Trustee.

(c)   From and after the Effective Date, the Plan Trustee shall, without the necessity for any approval by the Bankruptcy Court, pay the reasonable fees and expenses of the professional Persons thereafter incurred by the Plan Trustee related to the implementation and consummation of the Plan (i.e., fees and expenses that are not Administrative Claims – payment of Administrative Claims being dealt with elsewhere in the Plan). Such fees and expenses shall be paid within fifteen (15) days of the Plan Trustee's receipt of the applicable invoice, absent objection by the Plan Trustee.

**18.12.     Final Decree and Case Closure.**

The Case shall remain open until the earlier of (a) the date on which all actions authorized under the Plan that are brought by the ~~Liquidating~~Litigation Trustee are resolved and (b) the date on which the ~~Liquidating~~Litigation Trustee determines that no actions will be brought or further distributions made by the ~~Liquidating~~Litigation Trustee. In addition (i) a final decree shall be entered as soon as possible after final closing occurs under the Plan, and in no event shall such decree be applied for more than thirty (30) days after such closing and (ii) the entry of such final decree shall be without prejudice to the right or ability of the ~~Liquidating~~Litigation Trustee to pursue the causes of action identified in Paragraph 10.3 of the Plan and the Confirmation Order shall provide for the same. In accordance with Bankruptcy Code Section 1129(a)(12) and 28 U.S.C. § 1930, all quarterly fees payable to the Office of the United States Trustee, including any interest due pursuant to 37 U.S.C. § 3717, shall be paid in full on or before their respective due dates and shall continue to be assessed and paid until such time as a final decree closing, converting or dismissing this Case is entered by the Bankruptcy Court. The Debtors and the Estate or the Litigation Trustee, as the case may be, shall be liable for payment of such quarterly fees during the period through and including the initial distribution made pursuant to the Plan and the ~~Liquidating~~Litigation Trustee shall be liable for all other quarterly fees payable to the Office of the United States Trustee thereafter until the Case is closed, converted or dismissed. The Debtors or the ~~Liquidating~~Litigation Trustee, as the case may be, shall promptly file an application for a final decree with the Court to close the Case.

**18.13.**     **Exemption from Certain Transfer Taxes.**

Pursuant to Bankruptcy Code Section 1146(c), any transfers made pursuant to the Plan, including any transfers from the Debtors, the Estate, the Litigation Trustee and/or the ~~Liquidating~~Plan Trustee to any other Person or entity, shall not be subject to any document recording Tax, stamp Tax, conveyance fee, intangibles or similar Tax, mortgage Tax, stamp act, real estate transfer Tax, mortgage recording Tax or other similar Tax or governmental assessment.

**18.14.**     **Inconsistencies.**

In the event the terms or provisions of the Plan are inconsistent with the terms and provisions of the exhibits to the Plan or documents executed in connection with the Plan, the terms of the Plan shall control.

**18.15.**     **Post-Effective Date Effect of Evidences of Claims or Interests.**

Except as otherwise expressly provided in the Plan, notes, bonds, stock certificates and other evidences of Claims against or Interests in the Debtors shall, effective upon the Effective Date, represent only the right to participate in the distributions contemplated by the Plan.

## 18.16. **Other Documents and Actions.**

The Debtors, ~~Liquidating~~Litigation Trustee, Plan Trustee and other appropriate Persons may execute such documents and take such other action as is necessary to effectuate the transactions provided for in the Plan.

Dated: ~~November 8, 2010~~<u>January 18, 2011</u>

                      Respectfully submitted,

                      HMP Services Holding Sub III, LLC and
                      HMP Services Holding, Inc.

                      By: _____
                      Name:     ~~John G. Haggerty~~<u>Peter Sullivan</u>
                      Title: ~~Chief~~<u>Assistant</u> Restructuring Officer

## EXHIBIT A

## GLOSSARY OF DEFINED TERMS

1.     Administrative Bar Date has the meaning set forth in Paragraph 4.2.

2.     Administrative Claim means any Claim for an administrative expense of the kind described in Bankruptcy Code Section 503(b), including, without limitation, the actual and necessary costs and expenses of preserving the Estate of the Debtors incurred after the commencement of the Case, Claims for fees and expenses pursuant to Bankruptcy Code Sections 330 and 331 (covering the period through the Effective Date) and fees, if any, due to the Office of the United States Trustee under 28 U.S.C. § 1930(a)(6).

3.     Allowed Claim means a Claim or any portion thereof (a) as to which no objection to allowance or request for estimation has been interposed on or before the expiration of such applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, this Plan or the Bankruptcy Court; (b) as to which any objection to its allowance has been settled, waived through payment or withdrawn or has been denied by a Final Order; (c) that has been allowed by a Final Order; (d) as to which the liability of the Debtors and the amount thereof are determined by Final Order of a court of competent jurisdiction other than the Bankruptcy Court; (e) that is expressly allowed in the Plan; or (f) that is not subject to disallowance under Bankruptcy Code Section 502(d).   Unless otherwise specified in the Plan or in the Final Order allowing such Claim, "Allowed Claim" shall not include interest on the amount of such Claim maturing or accruing from and after the Petition Date, or any punitive or exemplary damages or any fine, penalty or forfeiture.

4.     APA means that certain asset purchase agreement between Agfa Corporation, as buyer, and Harold M. Pitman Company, as seller, dated as of July 14, 2010 and any ancillary documents thereto.

5.     APA Holdback Amount means the $2,300,000 as described in Section 7.1(b) of the APA that may be released to the Debtors in accordance with the terms and conditions of the APA and the Escrow Agreement.

6.     Avoidance Claims has the meaning set forth in Paragraph 10.3.means any and all Estate causes of actions arising under chapter 5 of the Bankruptcy Code or under related state or federal statutes and common law, including, without limitation, fraudulent transfer laws.

7.     Bankruptcy Code means the Bankruptcy Reform Act of 1978, as amended, as set forth in title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as now in effect or hereafter amended.

8.     Bankruptcy Code Section means, except where otherwise indicated, a section of the Bankruptcy Code (title 11, United States Code), as in effect with respect to the Case.

9. **Bankruptcy Court** means the United States Bankruptcy Court for the District of Delaware or such other court having jurisdiction over the Case.

10. **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure, as prescribed by the United States Supreme Court pursuant to 28 U.S.C. § 2075 and as applicable to the Case.

11. **Bar Date Order** means the order entered by the Bankruptcy Court on December 16, 2010 with respect to the Debtors' Motion for an Order Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof.

12. **Business Day** means any day, other than a Saturday, a Sunday or a "legal holiday," as defined in Bankruptcy Rule 9006(a).

13. **Case** or **Chapter 11 Case** means the cases, administratively and procedurally consolidated, under title 11 of the United States Code, with respect to the Debtors pending in the Bankruptcy Court (jointly administered under Case No. 10-[    ]13618 (  BLS)).

14. **Cash** means legal tender of the United States of America or readily marketable direct obligations of, or obligations guaranteed by, the United States of America.

15. **Claim** means a claim, as defined in Bankruptcy Code Section 101(5), against the Debtors that currently exists or arises before the Effective Date, proof of which has been established in accordance with the Bankruptcy Code, applicable orders of the Bankruptcy Court and this Plan.

16. **Claims Agent means EPIQ Bankruptcy Solutions, LLC.**

17. 16. **Claims Bar Date** has the meaning set forth in Paragraph 3.1.

18. 17. **Claims Objection Bar Date** has the meaning set forth in Paragraph 13.1.

19. 18. **Class** means each class of Claims or Interests established pursuant to Article V of the Plan.

20. 19. **Collateral** means any and all of the Debtors' assets securing any and all of their obligations under the Credit Agreement as more specifically defined therein.

21. 20. **Commercial Tort Claims** means a claim arising in tort with respect to which: (a) the claimant is an organization or (b) the claimant is an individual and the claim: (i) arose in the course of the claimant's business or profession and (ii) does not include damages arising out of personal injury to or the death of an individual.

22. 21. **Committee** means any official committee appointed in the Case pursuant to Bankruptcy Code Section 1102.1102, including, but not limited to, the Official Committee of

Unsecured Creditors appointed by the Office of the United States Trustee by amended notice dated December 2, 2010.

23. ~~22.~~ Confirmation Date means the date on which the clerk of the Bankruptcy Court enters the Confirmation Order on the docket of the Bankruptcy Court.

24. ~~23.~~ Confirmation Hearing means the hearing held by the Bankruptcy Court, as it may be continued from time to time, to consider confirmation of the Plan.

25. ~~24.~~ Confirmation Order means an order of the Bankruptcy Court confirming the Plan.

26. ~~25.~~ Credit Agreement means that certain second amended and restated credit agreement between and among Harold M. Pitman Company and Charrette LLC, as borrowers, the other credit parties signatory thereto, as credit parties, the lenders signatory thereto from time to time, as lenders, and General Electric Capital Corporation, as agent and lender, and GE Capital Markets, Inc., as lead arranger, dated as of July 3, 2006, and any ancillary documents thereto.

27. ~~26.~~ Debtors means HMP Services Holding Sub III, LLC and HMP Services Holding, Inc.

28. ~~27.~~ Disclosure Statement means the disclosure statement filed with respect to the Plan, together with the exhibits thereto, as the same may be amended or modified by the Debtors from time to time pursuant to the Plan, Disclosure Statement, the Bankruptcy Code or the Bankruptcy Rules.

29. ~~28.~~ Disputed Cash Collateral Account means the Debtors' money market savings and checking accounts held at Citizens Bank, 100 Worcester Street, Grafton, MA 01536 that is the subject of the certain Stipulation and Order Authorizing Use of Disputed Cash Collateral between the Debtors and the Lender dated as of the Petition Date.

30. ~~29.~~ Disputed Claim means any Claim not otherwise an Allowed Claim or paid pursuant to the Plan or an order of the Bankruptcy Court (a) which has been or hereafter is listed on the Debtors' Schedules filed in the Case as unliquidated, contingent or disputed and which has not been resolved by written agreement of the parties or an order of the Bankruptcy Court; (b) proof of which was required to be filed by the Plan or by order of the Bankruptcy Court but as to which a proof of claim was not timely or properly filed; (c) proof of which was timely and properly filed and which has been or hereafter is listed on the Debtors' Schedules as unliquidated, contingent or disputed; (d) that is disputed in accordance with the provisions of this Plan; or (e) as to which the Debtors have interposed a timely objection or request for estimation in accordance with the Plan, Bankruptcy Code, the Bankruptcy Rules and any orders of the Bankruptcy Court or is otherwise disputed by the Debtors in accordance with applicable law, which objection, request for estimation or dispute has not been withdrawn or determined by a Final Order. Any portion of a Claim which is not disputed by the Debtors shall, for purposes of receiving distributions under the Plan, be deemed to be an Allowed Claim.

31. ~~30.~~ Effective Date means the first Business Day upon which the conditions set forth in Article XV of the Plan have been satisfied or waived as provided in the Plan and the Plan is confirmed by the issuance of the Confirmation Order, but in no event earlier than the date which is eleven (11) days after the Confirmation Date (except as may be permitted by the Confirmation Order).

32. ~~31.~~ Escrow Agreement means that certain escrow agreement between and among, Harold M. Pitman Company, as seller, Agfa Corporation, as buyer, and Citibank, N.A., as escrow agent, dated as of August 10, 2010, and any ancillary documents thereto.

33. ~~32.~~ ESOP and 401(k) Plan means that certain single-employer defined benefit pension and retirement plan of HMP Services Holding, Inc. covered by Title IV of the Employee Retirement Income Security Act of 1974, as may be amended from time to time.

34. ~~33.~~ Estate means the Debtors' estate created by Bankruptcy Code Section 541(a).

35. ~~34.~~ Exculpated Person has the meaning set forth in Paragraph 14.4.

36. ~~35.~~ Final Order means an order or judgment of any court, administrative agency or other tribunal as to which (a) the time has expired within which a proceeding for review (whether by way of rehearing, appeal, certiorari or otherwise, but not pursuant to Bankruptcy Code Section 1144 or Bankruptcy Rule 9024) may be commenced, without any such proceeding having been commenced or (b) if such a proceeding has been timely commenced, such order or judgment has been affirmed by the highest tribunal in which review is sought or such proceeding for review was otherwise terminated without modification of such order or judgment and the time has expired within which any further proceeding for review may be commenced.

37. ~~36.~~ General Unsecured Claims means any Claim against the Debtors other than an Administrative Claim, a Priority Claim, a Lender Secured Claim, a Lender Deficiency Claim, a Subordinated Equity Claim, or an Interest.

38. ~~37.~~ Government Bar Date has the meaning set forth in the Bar Date Order.

39. ~~38.~~ Governmental Claim is a Claim against the Debtors by a Governmental Unit.

40. ~~39.~~ Governmental Unit is defined in Bankruptcy Code Section 101(27).

41. ~~40.~~ Health Insurance Overage Amount means any funds in excess of the amounts required by the Debtors to satisfy employee health insurance claims and related administrative costs, including such amounts that may be refunded to the Debtors by Debtors' health insurance carrier.

42. Information means that certain Information filed by the United States on November 9, 2010 against Mr. John Eichner charging him with wire fraud in violation of 18 U.S.C. §§ 1343 and 2 and tax evasion in violation of 26 U.S.C. § 7201, in the United States

District Court for the District of New Jersey, entitled *United States of America v. John Eichner,* Criminal Action No. 10-cr-00768.

43. 41. Interest means the interest represented by any equity security, as defined in Bankruptcy Code Section 101(16), of the Debtors.

44. 42. Lender means ORIX Finance Corp.

45. 43. Lender Claim means any and all Claims held by Lender against the Debtors, including, but not limited to, Claims related to the Credit Agreement and any ancillary documents thereto.

46. 44. Lender Deficiency Claim means the Allowed Claim held by the Lender as described in Paragraph 7.3.

47. Lender Proceeds means (i) any and all proceeds from the liquidation or other administration of the Plan Trust Assets and (ii) Cash on hand of the Plan Trust.

48. Lender Reserve Amount has the meaning set forth in Paragraph 7.3.

49. 45. Lender Secured Claim means the Allowed Claim held by the Lender as described in Paragraph 7.2.

50. 46. ~~Liquidating~~Litigation Trust has the meaning set forth in Paragraph 10.1 and shall be governed by the ~~Liquidating~~Litigation Trust Agreement.

51. 47. ~~Liquidating~~Litigation Trust Agreement is the agreement governing the ~~Liquidating~~Litigation Trust as attached to the Plan as **Exhibit B**, which shall be in form and substance reasonably satisfactory to the Debtors, Committee and Lender.

52. 48. ~~Liquidating~~Litigation Trust Assets means (i) all of the Collateral and Non-Collateral and any Cash proceeds thereof and (ii) any Cash on hand, both as existing as of the Effective Date; provided, however, that the Lender Reserve Amount and the Plan Trust Assets shall be excluded from the Litigation Trust Assets.

53. 49. ~~Liquidating~~Litigation Trustee means [————]a Person designated by the Committee or his designee~~, as reasonably acceptable to the Lender,~~ as and any successor appointed pursuant to the Plan.

54. 50. Local Rules means the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

51. ~~Miscellaneous Collateral Proceeds has the meaning set forth in Paragraph 7.2.~~

52. ~~Miscellaneous Non-Collateral Proceeds has the meaning set forth in Paragraph 7.3.~~

55. ~~53.~~ Non-Collateral means all assets, including, but not limited to, Third Party Claims, Avoidance Claims, Commercial Tort Claims and other property and causes of action, of the Debtors in accordance with Bankruptcy Code Section 541 that are not Collateral.

56. ~~54.~~ Non-Lender Proceeds means (i) any and all proceeds from the liquidation of Collateral ~~and Non-Collateral, net of any reasonable costs (including costs and professional fees incurred by the Liquidating Trustee in the discharge of its duties)~~ or Non-Collateral, excluding the Plan Trust Assets and the Lender Reserve Amount and (ii) Cash on hand of the Litigation Trust, not otherwise to be distributed to the Lender on account of ~~each of~~ the Lender Secured Claim ~~and the~~or Lender Deficiency Claim as set forth in Paragraphs 7.2 ~~and~~or 7.3 in Article VII of the Plan.

57. ~~55.~~ Notice of Confirmation means the notice of entry of the Confirmation Order to be filed with the Bankruptcy Court and mailed to holders of Claims and Interests.

58. ~~56.~~ Office of the United States Trustee means the Office of the United States Trustee with jurisdiction over the Case.

59. ~~57.~~ Paragraph means an enumerated paragraph in the Plan as specified.

60. ~~58.~~ Person means an individual, corporation, partnership, limited liability company, joint venture, trust, estate, unincorporated associated, unincorporated organization, governmental entity or political subdivision thereof or any other entity.

61. ~~59.~~ Petition Date means the date on which the Case of the Debtors was commenced.

62. ~~60.~~ Plan means the Debtors' Modified Joint Plan of Liquidation as set forth herein, together with the exhibits thereto, as the same may be amended or modified by the Debtors from time to time pursuant to the Plan, the Bankruptcy Code or the Bankruptcy Rules.

63. ~~61.~~ Plan Distribution Date means (i) the Effective Date or a date that is as soon as reasonably practicable after the Effective Date, if such Claim is then an Allowed Claim or (ii) a date that is as soon as reasonably practicable after the date such Claim becomes Allowed, if not Allowed on the Effective Date.

64. Plan Trust has the meaning set forth in Paragraph 11.1 and shall be governed by the Plan Trust Agreement.

65. Plan Trust Agreement is the agreement governing the Plan Trust as attached to the Plan as **Exhibit C**, which shall be in form and substance reasonably satisfactory to the Debtors, Committee and Lender.

66. Plan Trust Assets means the (i) Tax Refund, (ii) APA Holdback Amount and (iii) Health Insurance Overage Amount.

67. Plan Trustee means Craig R. Jalbert, CIRA or another Person or his designee appointed by the Lender, and as reasonably acceptable to the Debtors and the Committee, and any successor appointed pursuant to the Plan.

68. Plea means that certain guilty plea entered by Mr. John Eichner on November 9, 2010 in connection with the Information.

69. 62. Priority Claim means any Claim, other than an Administrative Claim, to the extent entitled to priority under Bankruptcy Code Section 507(a).

70. 63. Professional Fee Application means an application for allowance and payment of a Professional Fee Claim (including any Claims for "substantial contribution" pursuant to Bankruptcy Code Section 503(b)).

71. 64. Professional Fee Claim has the meaning set forth in Paragraph 4.2.

72. 65. Professional Fee Claim Bar Date has the meaning set forth in Paragraph 4.2.

73. 66. Professional Person means a Person retained or to be compensated for services rendered or costs incurred on or after the Petition Date and on or prior to the Effective Date pursuant to Bankruptcy Code Sections 327, 328, 329, 330, 331, 503(b) or 1103 in the Case.

74. 67. Pro Rata means, except as may otherwise be provided herein, proportionately, so that with respect to any distribution in respect of any Allowed Claim or Interest, the ratio of (a) (i) the amount of property distributed on account of such Allowed Claim or Interest to (ii) the amount of such Allowed Claim or Interest, is the same as the ratio of (b) (i) the amount of property distributed on account of all Allowed Claims or Interests of the Class or Classes sharing in such distribution to (ii) the amount of all Allowed Claims or Interests in such Class or Classes.

75. 68. Rejection Damages Bar Date has the meaning set forth in Paragraph 9.1.

76. 69. Rejection Damages Claim has the meaning set forth in Paragraph 9.1.

77. 70. Residual Cash means any Cash that may be available after payment of all costs and expenses of the Estate and all Claims in Classes 1, 2 and 3 have been paid in full from distributions to be made pursuant the terms of the Plan.

78. 71. Schedules means the schedules of assets and liabilities and list of Interests and the statements of financial affairs filed by the Debtors with the Bankruptcy Court, as required by Bankruptcy Code Section 521 and in conformity with the Official Bankruptcy Forms of the Bankruptcy Rules, as such schedules and statements have been or may be amended or supplemented by the Debtors from time to time in accordance with Bankruptcy Rule 1009.

79. 72. Secured Claims means any Claim of any Person that is secured by a lien on property in which the Debtors or the Estate has an interest or that is subject to setoff under Bankruptcy Code Section 553, to the extent of the value of such Person's interest in the Debtors'

or the Estate's interest in such property, determined pursuant to Bankruptcy Code Section 506(a).

80.   73. Subordinated Equity Claims means any Claims, whether brought or held by a participant, holder, claimant, creditor or Governmental Unit, governed by and as defined in Bankruptcy Code Section 510(b) and applicable case law, including, but not limited to, any Claims for damages arising under or related to the ESOP(i) the ESOP and 401(k) Plan, (ii) stock options issued by the Debtors or (iii) any equity interests or debt instruments issued by the Debtors.

81.   74. Tax means any tax, charge, fee, levy, impost or other assessment by any federal, state, local or foreign taxing authority, including, without limitation, income, excise, property, sales, transfer, employment, payroll, franchise, profits, license, use, ad valorem, estimated, severance, stamp, occupation and withholding tax. "Tax" shall include any interest or additions attributable to, imposed on or with respect to such assessments.

82.   75. Tax Refund means the carryback Tax refund that may be received by the Debtors from the Internal Revenue Service for the tax year of 2010 or any other Tax refund.

83.   Third Party Claims means any and all claims or other causes of action of one or more Debtors as of the Effective Date against any Person, whether arising in contract or in tort, other than: (i) Avoidance Claims, (ii) Commercial Tort Claims or (iii) any claim or cause of action necessary for the liquidation or administration of the Plan Trust Assets.

84.   76. Unclaimed Property means all Cash deemed to be "Unclaimed Property" pursuant to Paragraphs 12.2(df), 12.3 and 12.5 of the Plan.

85.   77. Other Terms.  Terms defined in the Bankruptcy Code but not defined above have the same meaning as defined in the Bankruptcy Code.
86.

**EXHIBIT B**

**~~LIQUIDATING~~LITIGATION TRUST AGREEMENT**

[To be filed with the Bankruptcy Court at least ten (10) days before the Confirmation Hearing.]

**EXHIBIT C**

**PLAN TRUST AGREEMENT**

[To be filed with the Bankruptcy Court at least ten (10) days before the Confirmation Hearing.]

# 1783544

# 1797634

Document comparison done by DeltaView on Tuesday, January 18, 2011 7:35:22 PM

| Input: | |
|---|---|
| Document 1 | PowerDocs://DOCS_B/1783544/6 |
| Document 2 | PowerDocs://DOCS_B/1797634/8 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 458 |
| Deletions | 359 |
| Moved from | 3 |
| Moved to | 3 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 823 |