# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HMP SERVICES HOLDING SUB III, LLC, et al.,[1] | ) Case No. 10-13618 (BLS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Re: Docket Nos. 42, 140 and 142 |

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) SCHEDULING CONFIRMATION HEARING; (III) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, INCLUDING (A) APPROVING FORM AND MANNER OF SOLICITATION PACKAGES, (B) APPROVING FORM AND NOTICE OF CONFIRMATION HEARING, (C) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES, (D) APPROVING FORM OF BALLOT, (E) ESTABLISHING DEADLINE FOR RECEIPT OF BALLOTS AND (F) APPROVING PROCEDURES FOR VOTE TABULATIONS; (IV) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; AND (V) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] dated November 12, 2010 of HMP Services Holding Sub III, LLC and HMP Services Holding, Inc., the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order, pursuant to sections 105, 1125 and 1126 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 3017-1(a) and 3017-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, (i) approving the Disclosure Statement in Support of the Debtors' Joint Plan of Liquidation Under Chapter 11 of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are: (i) HMP Services Holding Sub III, LLC f/k/a Charrette LLC (3196) and (ii) HMP Services Holding, Inc. f/k/a Harold M. Pitman Company (0980). HMP Services Holding Sub III, LLC is a Delaware limited liability company.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings attributed to them in the Motion.

601475.3 1/19/11

the Bankruptcy Code; (ii) scheduling the Confirmation Hearing (as defined below); (iii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan, including (A) approving the form and manner of solicitation packages, (B) approving the form and manner of notice of the Confirmation Hearing, (C) establishing a record date and approving procedures for distributing solicitation packages, (D) approving the form of ballot, (E) establishing a deadline for the receipt of ballots and (F) approving procedures for tabulating acceptances and rejections of the Plan; (iv) establishing the deadline and procedures for filing objections to confirmation of the Plan; and (v) granting related relief; and the Debtors having filed on January 18, 2011 the Debtors' First Modified Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [Docket No. 140] (the "Plan") and the Disclosure Statement in Support of Debtors' First Modified Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [Docket No. 142] (the "Disclosure Statement"); and after considering objections to the Motion, if any; and the Court finding that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b), (ii) this is a core proceeding under 28 U.S.C. § 157(b)(2) and (iii) venue of these chapter 11 cases is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the notice of the Motion is sufficient under the circumstances, and that no other or further notice need be given; and the Court finding that the legal and factual bases for the relief requested in the Motion establish just cause for the relief requested herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtors, their estates and creditors; and upon due deliberation thereon and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as provided herein.

**Approval of Disclosure Statement**

2. The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code regarding the Plan. Therefore, the Disclosure Statement is approved pursuant to 11 U.S.C. § 1125(b) and Fed. R. Bankr. P. 3017(b).

3. All objections to the adequacy of the Disclosure Statement, if any, are, to the extent not consensually resolved as set forth herein, OVERRULED in their entirety.

**Confirmation Hearing**

4. The hearing to consider confirmation of the Plan shall be held on **March 10, 2011 at 10:00 a.m. (prevailing Eastern time)** before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 Market Street, Sixth Floor, Courtroom No. 1, Wilmington, Delaware 19801 (the "Confirmation Hearing"). The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during, or as a result of, the Confirmation Hearing, without further notice to interested parties.

**Approval of Solicitation Packages**

5. The Debtors shall transmit, or cause to be transmitted, no later than 7 days after the entry of this Order, by United States first class mail (or by international courier if the addresses are not located in the United States), to holders of claims in Classes 1 through 3, as of the Record Date (defined in paragraph 8 below): (a) written notice in substantially the form attached hereto as **Exhibit A** (the "Confirmation Hearing Notice") of: (i) the order approving the

Disclosure Statement, (ii) the deadline and procedures for filing objections to confirmation of the Plan, (iii) the deadline for voting on the Plan, (iv) the date of the Confirmation Hearing and (v) voting procedures; (b) copies of the Plan and the Disclosure Statement (together with the exhibits thereto that have been filed with the Court before the date of the mailing) in hard copy; (c) the ballot (the "Ballot"), in the form attached hereto as **Exhibit B** and a Ballot return envelope; and (d) such other materials as the Court may direct or approve (each a "Solicitation Package" and, collectively, the "Solicitation Packages"). The Solicitation Packages and the manner of service of the Solicitation Packages satisfy the requirements of Bankruptcy Rule 3017(d).

6. Pursuant to Bankruptcy Rule 3017(d), the Debtors shall transmit or cause to be transmitted no later than 7 days after entry of this Order, by United States first class mail (or by international courier if the addresses are not located in the United States), to each holder of claims an interest in Class 4, at its address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), the Solicitation Package, but without the Ballot or Ballot return envelope (together, the "Non-Voting Class Package").

**Approval of Form and Manner of Notice of the Confirmation Hearing**

7. The Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit A**, is approved. As set forth above, the Confirmation Hearing Notice shall be included as part of the Solicitation Packages and Non-Voting Claim Packages and sent via regular mail to all creditors and interest holders in Classes 1 through 4.

4

## Record Date and Approval of Procedures for Distribution of Solicitation Packages

8.      **January 20, 2011** shall be the record date (the "Record Date") for purposes of determining which parties are entitled to receive the Solicitation Packages or the Non-Voting Class Packages and, where applicable, vote on the Plan.

9.      Epiq Bankruptcy Solutions, LLC (the "Solicitation Agent") shall direct service of the Solicitation Packages and notices regarding the Confirmation Hearing, inspect, monitor and supervise the solicitation process, serve as the tabulator of the ballots and certify to the Court the results of the balloting.

10.     The Solicitation Agent shall, via United States first class mail, cause the appropriate Solicitation Package or Non-Voting Class Package to be served on each holder of claims or interests in Classes 1 through 4. Each holder of a Claim in Classes 1 through 3 must return a properly executed Ballot so that it is actually received by the Solicitation Agent prior to the Voting Deadline.

11.     The Debtors and/or the Solicitation Agent, as applicable, are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Class Packages to addresses and entities to which the notice of the Disclosure Statement hearing was returned by the United States Postal Service. The Debtors and/or the Solicitation Agent are further relieved of any obligation to attempt to locate the correct address and resend prior to the Voting Deadline the Solicitation Packages or the Non-Voting Class Packages that are returned as undeliverable.

12.     In cases where a party has executed a Ballot in accordance with the terms of this Order, and has indicated corrections or updates to the mailing address used in the service of the Solicitation Packages, either physically on the face of the Ballot or otherwise separately enclosed with the Ballot, the corrected or updated mailing address shall be used to reflect the mailing

5

601475.3 1/19/11

address of the creditor and/or interest holder on the official docket of claims against the Debtors.

### Approval of Forms of Ballots

13. The Ballot, substantially in the form attached hereto as **Exhibit B**, is approved.

### Deadline for Receipt of Ballots

14. Unless extended by the Debtors or their counsel in writing, Ballots accepting or rejecting the Plan must be received on or before **February 28, 2011 at 5:00 p.m. (prevailing Eastern time)** (the "Voting Deadline") by the Solicitation Agent.

15. Ballots received via facsimile, electronic mail or other electronic transmission will not be counted unless approved by the Debtors.

### Procedures for Vote Tabulation

16. Votes may not be changed after the Voting Deadline unless the Court, for cause, permits such change after notice and hearing pursuant to Bankruptcy Rule 3018(a).

17. Ballots must be properly executed and counted. Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Class 1 through 3 Claim will not be counted. Ballots shall be counted as to the amount of the related Claim not the subject of an objection filed on or before the Voting Deadline unless allowed for voting purposes by order of the Court.

18. If a holder of a Class 1 through 3 Claim casts a Ballot with respect to a Claim that is the subject of an objection filed on or before the Voting Deadline, the holder's Ballot will not be counted, unless such Claim is temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a). If an objection to a Claim requests that such Claim be

6

601475.3 1/19/11

allowed in a fixed, reduced amount, such holder's ballot shall be counted in such reduced amount.

19. Holders of Class 1 though 3 Claims seeking to have a Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) must file a motion seeking such relief no later than **February 28, 2011** (the "Rule 3018 Motion"). The Court will schedule a hearing on such motion for a date on or prior to the Confirmation Hearing.

20. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

   a. If the Debtors do not object to a claim, the claim amount for voting purposes shall be the claim amount contained on a timely filed proof of claim or, if no proof of claim was filed, the noncontingent, liquidated and undisputed claim amount listed in the Schedules;

   b. Ballots cast by creditors who timely file proofs of claim for unknown amounts that are not the subject of an objection filed before the commencement of the Confirmation Hearing, will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as Ballots for claims in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code;

   c. Ballots for timely filed claims that are listed as contingent, unliquidated and/or disputed on the face of the claim, shall vote in the amount of $1.00, unless otherwise allowed by Court order after a timely filed motion under Bankruptcy Rule 3018;

   d. If a claim is partially liquidated and partially unliquidated, such claim shall be allowed for voting purposes only in the liquidated amount;

   e. If the Debtors object to a claim, such creditor's Ballot shall not be counted in accordance with Bankruptcy Rule 3018(a), unless temporarily allowed by the Court for voting purposes, after notice and a hearing. If an objection to a Claim requests such claim be allowed in a fixed reduced amount, such holder's Ballot shall be counted in such reduced amount;

   f. If a creditor casts a Ballot and is listed on the Schedules as holding a claim that is contingent, unliquidated or disputed, undetermined in amount, or

7

for $0.00, and has not filed a proof of claim, such creditor's Ballot shall not be counted;

g. Claims filed for $0.00 and are not entitled to vote;

h. If a creditor submits a Ballot and such creditor has not timely filed a proof of claim and is not listed on the Schedules as holding a claim which is not contingent, not unliquidated and not disputed, the creditor's Ballot shall not be counted under Bankruptcy Rule 3018, unless otherwise temporarily allowed by the Court in accordance with such Rule; and,

i. Creditors seeking temporary allowance of their claims for voting purposes must serve on the Debtors and file with the Court a Rule 3018 Motion seeking temporary allowance for voting purposes. Such Rule 3018 Motion, with evidence in support thereof, must be filed by no later than ten (10) days before the Confirmation Hearing. It shall be the responsibility of each creditor filing a Rule 3018 Motion to schedule a hearing on such Rule 3018 Motion to occur at the Confirmation Hearing.

21. To ensure that its vote is counted, each holder of a claim must

a. Complete a Ballot;

b. Indicate the holder's decision either to accept or reject the Plan in the boxes provided in the Ballot; and

c. Sign and return the Ballot with an original signature so that it is received by the Solicitation Agent on or before the Voting Deadline.

22. The following additional general voting procedures and standard assumptions shall be used in tabulating ballots:

a. Except to the extent the Debtors otherwise determine, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the Debtors' request for confirmation of the Plan;

b. Creditors shall not split their vote within a claim or among claims in the same class; thus, each creditor shall be deemed to have voted the full amount of its claim(s) in a particular class either to accept or reject the Plan;

c. Any Ballot which is executed by the holder of an allowed claim but which does not indicate an acceptance or rejection or which indicates both an acceptance and rejection of the Plan shall not be counted;

d. Votes cast pursuant to a Ballot that is not signed or that does not contain an original signature shall not be counted, unless the Court orders otherwise;

e. The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

f. No Ballot sent to the Debtors or the Debtors' legal advisors shall be accepted or counted;

g. The Debtors expressly reserve the right to amend at any time and from time to time the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification). If the Debtors make material changes to the terms of the Plan or the Debtors waive a material condition, the Debtors will disseminate additional solicitation materials and will extend the solicitation, in each case to the extent directed by the Court;

h. If multiple Ballots are received from or on behalf of an individual holder of a claim with respect to the same claims prior to the Voting Deadline, the latest timely received properly executed Ballot will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

i. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing and, upon request of the Debtors, must submit proper evidence satisfactory to the Debtor to so act on behalf of a beneficial interest holder;

j. The Debtors, in their sole discretion, and subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in their sole discretion, subject to contrary order of the Court, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

k. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, in their sole discretion, which determination shall be final and binding;

l. If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such claim

9

601475.3 1/19/11

will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

m. Any holder of impaired claims who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

n. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

o. Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will the Debtors incur any liabilities for failure to provide such notification;

p. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

q The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

r. The Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a claim.

### Deadline and Procedures for Filing Objections to Confirmation of the Plan

23. All objections to confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801 together with proof of service, and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtors' Chapter 11 Cases, (b) state with particularity the provision or provisions of the Plan objected to and, for any objection asserted, the legal and factual basis for such objection and (c) be served upon the following parties, so as to be received on or before **February 28, 2011 at 5:00 p.m. (prevailing Eastern Time)**: (i) counsel for the

10

601475.3 1/19/11

Debtors, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111, Attn: William R. Baldiga, Esq., Fax: (617) 856-8201, and Saul Ewing LLP, 222 Delaware Avenue, Suite 1200, P.O. Box 1266, Wilmington, Delaware 19899, Attn: Mark Minuti, Esq., Fax: (302) 421-5873; (ii) counsel to ORIX, Richards Kibbe & Orbe LLP, One World Financial Center, New York, New York 10281-1003, Attn: Larry G. Halperin, Esq. and Joon P. Hong, Esq., Fax: (917) 344-8870, and Morris James LLP, 500 Delaware Avenue, Suite 1500, P.O. Box 2306, Wilmington, Delaware 19899, Attn: Stephen M. Miller, Esq., Fax: (302) 571-1750; (iii) counsel for the Official Committee of Unsecured Creditors, Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, Pennsylvania 19103, Attn: Morton R. Branzburg, Esq., Fax: (215) 568-6603, and 919 Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti, Esq., Fax: (302) 426-9193; and (iv) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2313, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark S. Kenney, Esq. All objections not timely filed and served in accordance with the provisions of this Order are hereby deemed waived and will not be considered by this Court.

24. The Debtors and any other party supporting the Plan shall be afforded an opportunity to file a response to any objection to confirmation of the Plan.

25. Prior to mailing the Disclosure Statement, Solicitation Packages, the Non-Voting Class Packages or the Confirmation Hearing Notice, the Debtors may fill any missing dates and other information, correct any typographical errors and make such other non-material, non-substantive changes as they deem necessary.

601475.3 1/19/11

26. The Solicitation Agent is authorized to retain and pay necessary service providers, subject to prior approval from the Debtors, and to obtain reimbursement from the Debtors for any such payments at cost.

27. The Debtors and the Solicitation Agent are authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order.

28. This Court retains jurisdiction over any and all matters arising out of or related to the interpretation or implementation of this Order.

Dated: January 20, 2011

_____
Honorable Brendan L. Shannon
United States Bankruptcy Judge